UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
DANIEL PETER MORRIS, and        :
LUCILLE AIOSA MORRIS            :
    Plaintiffs,                 :       **MEMORANDUM DECISION**
                                :
v.                              :       10 CV 4146 (VB)
                                :
DAVID HOWARD ZIMMER,            :
CHARLES L. WILKINSON, III,      :
SHERRY ZIMMER, DEBORA ZIMMER, and :
DAVID M. ZIMMER,                :
    Defendants.                 :
--------------------------------------------------------------x

Briccetti, J.:

    Plaintiffs Daniel and Lucille Morris bring this action for breach of contract, breach of fiduciary duty, fraud, conversion, and fraudulent misappropriation of funds.

    Pending before the Court is the motion to dismiss (Doc. #58) of defendant Charles L. Wilkinson, III, under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. For the following reasons, this motion is DENIED.

    The Court has subject matter jurisdiction in this case pursuant to 28 U.S.C. § 1332.

## BACKGROUND

    For purposes of ruling on the motions to dismiss, the Court accepts all factual allegations of the complaint as true.

    The Court assumes familiarity with the background of this case, as set forth in the Court's concurrent Memorandum Decision of November 10, 2011. Plaintiffs assert that David Howard Zimmer represented them in an arbitration under the rules of the National Association of Securities Dealers ("NASD"). The NASD matter was settled before an arbitration hearing occurred. Pursuant to the settlement, plaintiffs were to be paid $82,000.00, consisting of separate payments for $78,000.00 and $4,000.00.

1

Copies Mailed/Faxed 11/10/11
Chambers of Vincent L. Briccetti

The $78,000.00 was paid to David H. Zimmer as plaintiffs' attorney. Zimmer received the check on July 19, 2004 and deposited it in a Sun Trust bank account on July 21, 2004. He received the $4,000.00 check and by email dated July 27, 2004, informed plaintiffs that he would hold on to the check while he attempted to obtain enhanced fines and penalties under NASD rules. Zimmer pleaded guilty to stealing the NASD settlement proceeds in a New York State criminal proceeding and admitted to owing plaintiffs $77,625.00. Zimmer, to date, has not paid plaintiffs this amount.

Plaintiffs assert that, on September 15, 2004, Daniel Morris spoke with Zimmer on the phone, and that Zimmer agreed to pay plaintiffs 8% interest on the unpaid settlement proceeds from July 1, 2004, until Zimmer paid plaintiffs. Zimmer, in an email to Daniel Morris dated September 15, 2004, stated that for "further reassurance, I will submit a letter to my associate counsel in the 'Georgia Matter' informing him that you effectively have a secured lien on the proceeds from the fees from the settlement upon receipt." This refers to Zimmer's representation of plaintiffs in the case of John Armstrong v. Durango Georgia Paper Co., CV 202-085, filed in the United States District Court for the Southern District of Georgia (the "Georgia case"). Zimmer's reference to his associate counsel in the Georgia case is to defendant Charles L. Wilkinson, III. Plaintiffs allege Zimmer sent a letter to Wilkinson on February 10, 2005, stating "Daniel Morris is entitled to the first $72,000.00, plus interest of 8% from July 1, 2004 on the principal balance, of the proceeds of the 'Georgia' case." A copy of this letter and emails regarding it are attached to the complaint.

In response to an attorney grievance proceeding in Maryland, Zimmer argued that he offered Morris, and Morris accepted, the proceeds from the Georgia case in lieu of the NASD settlement amount. Zimmer claimed Morris drafted an agreement memorializing this

2

arrangement. Zimmer further asserted that Wilkinson was made aware of the agreement between Zimmer and Morris, and that Morris spoke with Wilkinson about the arrangement. According to Zimmer, he spoke with Morris on the phone on May 6, 2009, and reiterated to Morris that Wilkinson was to pay plaintiffs the money that Zimmer owed them.

Plaintiffs deny Morris agreed to accept proceeds from the Georgia case in lieu of the NASD settlement funds, deny Morris drafted an agreement regarding the proceeds from the Georgia case, and deny that Morris contacted Wilkinson about this alleged agreement or requested Wilkinson be made known of the agreement.

With leave of the Court, plaintiffs filed a second amended complaint in this action on February 8, 2011. Plaintiffs assert a breach of contract claim against Wilkinson, alleging that Wilkinson had an obligation to pay plaintiffs or to pay Zimmer the proceeds of the Georgia case based on the agreement between Zimmer and Wilkinson, under which plaintiffs are third party beneficiaries. On March 28, 2011, Wilkinson filed a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

## DISCUSSION

### I. Rule 12(b)(6) Motion to Dismiss

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court evaluates the sufficiency of the complaint under the "two-pronged approach" suggested by the Supreme Court in Ashcroft v. Iqbal. See 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009). First, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. Iqbal, 129 S. Ct. at 1949; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their

veracity and then determine whether they plausibly give rise to an entitlement for relief." Iqbal, 129 S. Ct. at 1950.

To survive a Rule 12(b)(6) motion to dismiss, the allegations in the complaint must meet a standard of "plausibility." Ashcroft v. Iqbal, 129 S. Ct. at 1950; Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010). A district court may also consider a document that is not incorporated by reference, where the complaint "'relies heavily upon its terms and effect,' thereby rendering the document 'integral' to the complaint." Id. (quoting Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006)).

## II.     Failure to State a Claim

Wilkinson claims that, beginning in September 2002, he was local counsel for several plaintiffs in the Georgia case. On March 4, 2003, Zimmer contacted Wilkinson regarding that case. According to Wilkinson, he, Zimmer, and another attorney reached an agreement to divide the contingency fees arising from the Georgia case. Wilkinson claims a contingency fee of $23,500.00 was divided equally among the three attorneys, but that was the only fee split among them. Wilkinson asserts no other fees were paid out and he took a net loss of $11,127.96 on his representation in the Georgia case.

Wilkinson further claims he had no knowledge of plaintiffs until he was served with a copy of the complaint in this case. He asserts that he had no written or oral communication or agreement with Zimmer regarding plaintiffs.

This argument is a factual one that cannot be resolved on a motion to dismiss. The proper inquiry on a motion to dismiss is whether the allegations and facts set forth in the complaint allow the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. See Ashcroft v. Iqbal, 129 S. Ct. at 1949-50. Here, plaintiffs allege and present evidence that they were third-party beneficiaries of an agreement between Zimmer and Wilkinson to pay plaintiffs the NASD settlement funds from the proceeds of the Georgia case. This allegation is well-pleaded and therefore the Court assumes it to be true for the purposes of this motion to dismiss. See id. at 1950. Wilkinson's claim that there was no such agreement, written or otherwise, is an issue of fact that cannot be resolved at the motion to dismiss stage. See Law Offices of Curtis V. Trinko v. Bell Atl. Corp., 294 F.3d 307, 326 (2d Cir. 2002).

Wilkinson's other arguments are based on plaintiffs' allegations that there was no agreement, or communication, between Wilkinson and plaintiffs. These arguments fail as a matter of law. See Septembertide Publ'g, B.V. v. Stein & Day, Inc., 884 F.2d 675, 679 (2d Cir. 1989) ("[A] plaintiff beneficiary [can] maintain an action on the promise defendant made for his benefit, even though plaintiff was not a party to or aware of the promise at the time it was made.").

Therefore, plaintiffs have sufficiently alleged a claim for breach of contract against Wilkinson based on an agreement between Zimmer and Wilkinson to pay plaintiffs the NASD settlement funds from the proceeds of the Georgia case.

## CONCLUSION

For the reasons stated above, the motion of defendant Charles L. Wilkinson's, III, to dismiss (Doc. #58) is DENIED. The Clerk is instructed to terminate this motion. The parties are directed to appear before the Court at a status conference at the on December 2, 2011, at 2:00 p.m.

Dated: November 10, 2011
      White Plains, New York

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge