## THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

DANIEL PETER MORRIS

    and

LUCILLE AIOSA MORRIS,

    Plaintiffs,

vs.

DAVID HOWARD ZIMMER

CHARLES L. WILKINSON, III

SHERRY ZIMMER,

DEBORA ZIMMER,

    and

DAVID M. ZIMMER

    Defendants

**Case No 10-cv-4146 (VB)(LMS)**

**PLAINTIFFS'
NOTICE OF MOTION**

**PLAINTIFFS' NOTICE OF MOTION
FOR SUMMARY JUDGMENT
AGAINST DEFENDANT DAVID HOWARD ZIMMER
UNDER
FEDERAL RULE OF CIVIL PROCEDURE § 56**

**PLEASE TAKE NOTICE** that upon the annexed affirmation of Plaintiffs, Daniel Peter Morris ("MR. MORRIS") and Lucille Aiosa Morris ("MRS. MORRIS") ("MORRIS" shall mean MR. and MRS. MORRIS collectively), affirmed on July 22, 2013, and upon the exhibits attached thereto, the accompanying Memorandum of Law in support of this Motion and the pleading herein, in the Complaint filed on May 20, 2010, the Amended Complaint filed and served on July 25, 2010 and the Second Amended Complaint ("SAC") fled and served on February 8, 2011, **move this Court,  for an order granting summary judgment against Defendant David Howard Zimmer as set out below:**

## PART 1
### ZIMMER WAS PLAINTIFFS' ATTORNEY
### WHEN HE CRIMINALLY STOLE PLAINTIFFS' MONEY
### ATTORNEY MALPRACTICE

1. That there is no genuine issue of material fact that Defendant David Howard Zimmer ("ZIMMER") was Plaintiffs' attorney from about 11/02/2000 (SAC ¶ 77) until about 05/05/2009 when he was disbarred by consent by the Court of Appeals of Maryland (SAC ¶ 387.)

2. That there is no genuine issue of material fact that ZIMMER's disbarment from the Bar of Maryland was not because of the merits (SAC ¶¶ 335 - 338) of Plaintiffs' grievance (SAC ¶ 321 and SJ Exs 1- 8 [1] against him before the Attorney Grievance Commission of the Maryland, but because, as stated in the Joint Petition for Disbarment by Consent (SAC Exhibit 74.1 ¶¶ 5-9), ZIMMER acknowledged that he failed to respond to the grievance

---

[1] "SJ Ex #" used herein means Summary Judgment Exhibit # submitted with the paper submitted herewith titled "PLAINTIFFS' EXHIBITS SUBMITED WITH MOTIONS."   This is also referred to as Exhibit # of SJ.)

commission's demands for information, failed to maintain his Maryland Bar admission in good standing, and failed to notify the United States District Court for the Southern District of Georgia that he was not in good standing while he was practicing before that court. (See Decision of Judge Briccetti of Dkt. No. 99 sentence bridging pages 5 and 6.)

3. That there is no genuine issue of material fact that the merits of Plaintiffs' grievance against ZIMMER before the Attorney Grievance Commission of the Maryland are substantially similar to the claims against ZIMMER in the present civil action. (See SAC ¶ 321 and SJ Ex 1-8)

4. That there is no genuine issue of material fact that ZIMMER knew that the money ZIMMER criminally sole from Plaintiffs was for the college education of Plaintiffs' children (SAC ¶¶ 343 346. and SAC Exhibits 64 and 65.)

5. That there is no genuine issue of material fact that ZIMMER knew on or about 12/18/2000 (SAC Exhibits 64 and 65) long before July 2004 (when ZIMMER admitted criminally stealing Plaintiffs money in July 2004) that the money ZIMMER criminally sole from Plaintiffs was for the college education of Plaintiffs' children.

6. That there is no genuine issue of material fact that ZIMMER was arrested for the felony of grand larceny in the second degree under New York State Criminal Law (SAC ¶ 407 and SAC Exhibit 80.)

7. That there is no genuine issue of material fact that ZIMMER admitted to stealing $83, 625 from Plaintiffs. (This follows from ZIMMER's affidavit of confession of judgment SAC ¶ 519.)

8.  That there is no genuine issue of material fact that ZIMMER admitted to stealing $83, 625 from Plaintiffs. (SAC ¶ 519, SAC Exhibit 97.)

9.  That there is no genuine issue of material fact that ZIMMER admitted to stealing $83, 625 from Plaintiffs while acting as Plaintiffs attorney (SAC ¶ 519, SAC Exhibit 97.)

10. That there is no genuine issue of material fact that ZIMMER engaged in attorney malpractice when he criminally stole $83, 625 from Plaintiffs while acting as Plaintiffs attorney (SAC ¶ 519, SAC Exhibit 97.)

11. That there is no genuine issue of material fact that ZIMMER changed his telephone numbers, email addresses and office location address while acting as Plaintiffs attorney with out informing Plaintiffs that he could no longer be reached at the telephone numbers, email addresses and office location address that Plaintiffs used to communicate with ZIMMER prior to about 06/20/2007 (SAC ¶¶ 293 to 314 and SAC Exhibits 44 to 46 and 49 to 54.)

12. That there is no genuine issue of material fact that ZIMMER engaged in attorney malpractice when he changed his telephone numbers, email addresses and office location address while acting as Plaintiffs attorney with out informing Plaintiffs that he could no longer be reached at the telephone numbers, email addresses and office location address that Plaintiffs used to communicate with ZIMMER prior to about 06/20/2007 (SAC ¶¶ 293 to 314 and SAC Exhibits 44 to 46 and 49 to 54.)

13. That there is no genuine issue of material fact that ZIMMER criminally stole Plaintiffs' money in July 2004 while he was a managing member or member

of Complete Auctions (SAC ¶¶ 445 -456, SAC Exhibits 85, 86.)

14. That there is no genuine issue of material fact that ZIMMER, S. ZIMMER, D.
ZIMMER and D. M. ZIMMER each were a managing member or member of
Complete Auctions (SAC ¶¶ 445 -456, SAC Exhibits 85, 86.)

15. That there is no genuine issue of material fact that ZIMMER acted as
Plaintiffs' attorney in the state of New York (SAC ¶¶ 27, 30, 36, 52, 54, 66-
70, 115, 127, 128, 131, 132, 133, 134, 138, 152, 154, 160, 170, 290, 291, 515,
634 and 637 and the referred to Exhibits.)

16. That there is no genuine issue of material fact that at Magistrate Judge Smith's
request Plaintiffs send ZIMMER a calculation of damages by letter on 03/30/2012
(Exhibit 3 of Dkt No. 282) which contains the following paragraph:

Plaintiffs are of the view that treble damages and return to Plaintiffs of the fee of
$8,500 (Second Amended Complaint ¶ 109) Plaintiffs paid Zimmer for his services
while acting as there attorney to obtain the $83,625 are warranted under New York
State Statute NY CLS Jud § 487 (2).

17. That there is no genuine issue of material fact that Plaintiff state:

The punitive damage request stems from Mr. Zimmer stealing his clients,
Plaintiffs', funds. Plaintiffs are of the view that treble damages and
return to Plaintiffs of the fee of $8,500 (Second Amended Complaint ¶
109) Plaintiffs paid Mr. Zimmer for his services while acting as there
attorney to obtain the $83,625 which he stole from Plaintff are warranted
under New York State Statute NY CLS Jud § 487 (2).

at the last paragraph of page 13 in Plaintiffs' paper of Dkt. No. 166 dated July 19,

2012 which was served on ZIMMER

18. That there is no genuine issue of material fact that Plaintiff state:

> Plaintiffs are of the view they are entitled to treble damages (that is three times the $83,
>
> 625 plus three times 8% interest on the $83, 625 from 07/01/2004 until paid which is the interes
>
> ZIMMER said he would pay Plaintiffs – see 2ⁿᵈ Amend. Complaint (SAC) ¶ 252) and return to
>
> Plaintiffs of the fee of $8,500 (SAC ¶ 109) Plaintiffs paid Zimmer for his services as their
>
> attorney. Return of this fee and trebling the interest owed and $83, 625 is warranted under N Y
>
> Statute NY CLS Jud § 487 by operation of law and by New York State Court decisions
>
> applying this statute. The S. D. N. Y has followed New York State Courts in applying this

in Plaintiffs' letter to Judge Smith dated December 24, 2012 Letter 3 (Exhibit 2

of Dkt. NO. 282).

19. That there is no genuine issue of material fact that Plaintiff state:

> Plaintiffs are of the view that treble damages and return to Plaintiffs of the fee of
> $8,500 (Second Amended Complaint ¶ 109) Plaintiffs paid Zimmer for his services
> while acting as there attorney to obtain the $83,625 are warranted under New York
> State Statute NY CLS Jud § 487 (2).

in Parts 3 and 4 of Plaintiffs' paper Dkt. No 218 served on ZIMMER.

20. That there is no genuine issue of material fact that ZIMMER had notice of

Plaintiffs' assertion on damages against him under New State statute CLS Jud

487 and for recovery of the $8, 500 (SAC ¶ 109) fee Plaintiffs paid ZIMMER

for his services as Plaintiffs' attorney.

21. That there is no genuine issue of material fact that Plaintiffs demanded

punitive damages against ZIMMER based on ZIMMER criminally stealing

Plaintiffs $83, 625 while acting as their attorney in the amount of $281, 500

(SAC ¶¶ 514, 515, 598 and Prayer For Relief (i) (j)

22. That there is no genuine issue of material fact that $281, 500 adjusted by the

consumer price index from the date of this civil action was filed (05/20/2010)

until today is about $300, 000.  (This follows from consumer price index
(CPI) table at 14p://ftp.bls.gov/pub/special.requests/cpi/cpiai.txt.  CPI for
05/2010 is 218.178.  CPI for 05/2013 is 232.531.  232.531/218.178 x $281,
500 = $300, 019.) (See SJ Ex 22)

**PART 1A**
**ZIMMER LITIGATED HIS PERSONAL LIABILITY**
**AND DID NOT RAISE AFFIRAMTIVE DEFENSES OF**
**STATUTE OF LIMITATIONS OR**
**COMPLETE AUCTIONS' LIMITATION OF LIABILITY[2]**

23. That there is no genuine issue of material fact that ZIMMER litigated his
    personal liability with each of S. ZIMMER, D. ZIMMER and D. M. ZIMMER
    in the Zimmer Defendants joint motion to dismiss (Dkt. No. 49) for failure to
    name Stephanie L. Zimmer as a necessary and indispensible party.

24. That there is no genuine issue of material fact that ZIMMER in his motion to
    dismiss of Dkt. No. 32  did not raise an affirmative defense of statute of
    limitations.

25. That there is no genuine issue of material fact that ZIMMER in his motion to
    dismiss of Dkt. No 32 did not raise an affirmative defense that as a managing
    member or member of Complete Auctions, LLC he has the benefit of the
    limitation of liability of Complete Auctions, LLC.

26. That there is no genuine issue of material fact that ZIMMER in his motion to
    dismiss of Dkt. No. 49 did not raise an affirmative defense of statute of
    limitations.

---

[2] Note ¶¶ 23- 35 of this paper are the same as ¶¶ 1- 13 of the Notice of Motion for
Summary Judgment against the Other Zimmer Defendants submitted concurrently
herewith

27. That there is no genuine issue of material fact that ZIMMER in his motion to dismiss of Dkt. No 49 did not raise an affirmative defense that as a managing member or member of Complete Auctions, LLC he has the benefit of the limitation of liability of Complete Auctions, LLC.

28. That there is no genuine issue of material fact that ZIMMER in his motion to dismiss of Dkt. No. 78 did not raise an affirmative defense of statute of limitations.

29. That there is no genuine issue of material fact that ZIMMER in his motion to dismiss of Dkt. No 78 did not raise an affirmative defense that as a managing member or member of Complete Auctions, LLC he has the benefit of the limitation of liability of Complete Auctions, LLC.

30. That there is no genuine issue of material fact that ZIMMER in his Answer of Dkt. No. 219 to the Second Amended Complaint of Dkt. No. 52 did not raise an affirmative defense of statute of limitations.

31. That there is no genuine issue of material fact that ZIMMER in his Answer of Dkt. No. 219 to the Second Amended Complaint of Dkt. No. 52 did not raise an affirmative defense that as a managing member or member of Complete Auctions, LLC he has the benefit of the limitation of liability of Complete Auctions, LLC.

32. That there is no genuine issue of material fact that ZIMMER in his Resubmitted Answer of Dkt. No. 163 to the Second Amended Complaint of Dkt. No. 52 did not raise an affirmative defense of statute of limitations.

33. That there is no genuine issue of material fact that ZIMMER in his

Resubmitted Answer of Dkt. No. 163 to the Second Amended Complaint of Dkt. No. 52 did not raise an affirmative defense that as a managing member or member of Complete Auctions, LLC he has the benefit of the limitation of liability of Complete Auctions, LLC.

34. That there is no genuine issue of material fact that ZIMMER in his Amended Answer of Dkt. No. 226 to the Second Amended Complaint of Dkt. No. 52 did not raise an affirmative defense of statute of limitations.

35. That there is no genuine issue of material fact that ZIMMER in his Amended Answer of Dkt. No. 226 to the Second Amended Complaint of Dkt. No. 52 did not raise an affirmative defense that as a managing member or member of Complete Auctions, LLC he has the benefit of the limitation of liability of Complete Auctions, LLC.

**PART 1B**
**ZIMMER's MORAL TURPITUDE**

36. That there is no genuine issue of material fact that ZIMMER engaged in moral turpitude in obtaining from Plaintiffs the $83,625 by breach of contract, breach of fiduciary duty, breach of fiduciary obligation, fraud, conversion, and fraudulent misappropriation of funds as evidenced by ZIMMER being arrested for grand larceny in the second degree (NY Penal Law § 155.40 a felony) under New York City Criminal Court Felony Complaint Docket Number 2009NY052227 to which Defendant ZIMMER to avoid trial thereon as part of a plea bargain plead guilty to NY State Penal Law Section 155.25. (This follows, inter alia, from SAC ¶¶ 407-410. 519, 515, 619- 669.)

**PART 2**
**ZIMMER's**
**BREACH OF FIDICIARY DUTY AND MISSAPROPRIATION**

37. That there is no genuine issue of material fact that ZIMMER was Plaintiffs' attorney in the NASD Arbitration Matter (SAC ¶ 27) and procured a settlement in the NASD arbitration on their behalf (SAC ¶¶ 28, 29).

38. That there is no genuine issue of material fact that in the NASD Arbitration Matter Morgan Stanley and Luguan Luan agreed to pay Plaintiffs $82,000.00 via checks to ZIMMER as attorney for Plaintiffs, and that ZIMMER deposited those checks into his own bank account (SAC ¶¶ 163- 187.)

39. That there is no genuine issue of material fact that Plaintiffs did not consent to ZIMMER's use of the NASD Arbitration Matter settlement proceeds for any purpose other than to deliver it to Plaintiffs (SAC ¶¶ 192 - 203).

40. That there is no genuine issue of material fact that ZIMMER received a refund of $1, 125 from NASD by a check made out to Plaintiffs that ZIMMER cashed and deposited into a Sun Trust Bank Account in the name of Complete Auctions LLC (SAC ¶¶ 273 – 282.)

41. That there is no genuine issue of material fact that ZIMMER received from Plaintiffs a check for $450 for a Pre-arbitration Hearing Conference Fee for a Pre-arbitration Hearing Conference (SAC ¶ 32) that did not occur (SAC ¶ 34) and that ZIMMER did not refund to Plaintiffs the $450 (SAC ¶ 35).

42. That there is no genuine issue of material fact that ZIMMER was paid by Plaintiffs $50 in excess of what he agreed he should have been paid (SAC ¶¶ 39, 261- 270).

43. That there is no genuine issue of maternal fact that the total amount owed Plaintiffs by ZIMMER before interest and not taking into account partial payments made by ZIMMER after this action was filed on 05/20/2010 is $83,625 (SAC ¶¶ 40, 255, 256, 247).

44. That there is no genuine issue of material fact that ZIMMER pleaded guilty to petit larceny in New York criminal court for stealing the NASD settlement proceeds from plaintiffs; confessed he had failed to return $83,625.00 to plaintiffs and used that money for his own purposes.

45. That there is no genuine issue of material fact that ZIMMER as Plaintiffs' attorney without Plaintiffs' authorization and consent put Plaintiffs $83,525 into Complete Auctions LLC (SAC ¶¶ 205, 212, 231.)

46. That there is no genuine issue of material fact that ZIMMER as Plaintiffs' attorney misappropriated Plaintiffs' funds of $83,625.

47. That there is no genuine issue of material fact that ZIMMER as Plaintiffs' attorney breached his fiduciary duty to Plaintiffs in not delivering to Plaintiffs the $83,625 he owed them.

## PART 3
## ZIMMER's
## CONVERSION

48. That there is no genuine issue of material fact that ZIMMER acted without authorization when ZIMMER put Plaintiffs' $83,625 into Complete Auctions (SAC ¶¶ 205, 212, 231.)

49. That there is no genuine issue of material fact that ZIMMER exercised dominion or a right of ownership over Plaintiffs' property, the $83,625, since ZIMMER did

not pay Plaintiffs the $83, 625 which is established by ZIMMER's affidavit of confession of judgment in which he admitted using Plaintiff's $83,625 for his own purposes (SAC ¶ 519, SAC Exhibit 97.)

50. That there is no genuine issue of material fact that Plaintiffs made a demand for return of their property, the $83, 625 (SAC ¶¶ 285 -315 and Plaintiffs' original complaint filed on 05/20/2012.)

51. That there is no genuine issue of material fact that Plaintiffs' made a demand for return of their property, the $83, 625, that was refused as is manifested by ZIMMER affidavit or confession of judgment (SAC ¶ 519, SAC Exhibit 97.).

**PART 4**
**ZIMMER's**
**BREACH OF CONTRACT**

52. That there is no genuine issue of material fact that ZIMMER acted as Plaintiffs' attorney and agreed to pay Plaintiffs the NASD Matter settlement proceeds $82, 000. (SAC ¶¶ 27, 30, 36, 52, 54, 66-70, 115, 127, 128, 131, 132, 133, 134, 138, 152, 154, 160, 170, 290, 291, 515, 634 and 637 and the referred to Exhibits.)

53. That there is no genuine issue of material fact that Plaintiffs provide evidence in support of this agreement with ZIMMER that includes, among other things, emails in which ZIMMER states that Plaintiffs are entitled to the NASD Matter settlement proceeds ($82, 000) and agrees to pay Plaintiffs these proceeds; the NASD settlement agreement states Morgan Stanley Dean Witter and Luan agreed to pay $82,000.00 to Zimmer as attorney for plaintiffs. (SAC ¶¶ 77 to 109 and Exhibits attached thereto.)

54. That there is no genuine issue of material fact that ZIMMER, while acting as

Plaintiffs' attorney, received on 05/27/2004 a refund of $1,125 ("NASD

Arbitration Hearing Fee") for the fee paid to NASD by Plaintiffs for the arbitration

hearing that did not occur and that that the check was made out to Plaintiffs,

should have been given to Plaintiffs, but was cashed by ZIMMER who it and kept

it (SAC ¶¶ 273 – 282 and Exhibits attached thereto.)

55. That there is no genuine issue of material fact that ZIMMER signed an affidavit an

affidavit of confession of judgment (SAC ¶ 519, SAC Exhibit 97) stating:

> I confess that the debt arose under the following circumstances:  In July 2004, $83,625, the
> proceeds of a settlement in favor of Daniel and Lucille Morris was deposited in an account
> under my control.  I failed to return this money to plaintiffs, and used it for my own purposes.

56. That there is no genuine issue of material fact that ZIMMER had a contract

with Plaintiffs as Plaintiffs' attorney. (This follows from the email

correspondence between ZIMMER and Plaintiff Mr. Morris extensively

documented in the SAC and as noted by Judge Briccetti in his decision of

Dkt. No. 99 at page 12 states "the second amended complaint alleges

sufficiently that Zimmer acted as [Plaintiffs'] attorney and agreed to pay them

the NASD settlement proceeds.")

57. That there is no genuine issue of material fact that ZIMMER breached his

contract with Plaintiffs as Plaintiffs' attorney as is evidenced by ZIMMER's

affidavit of confession of judgment (SAC ¶ 519, SAC Exhibit 97.)

## PART 5
## ZIMMER's
## FRAUD

58. That there is no genuine issue of material fact that ZIMMER while acting as

Plaintiffs' attorney made a misrepresentation or omission of material fact when he

told Plaintiff Mr. Morris that he did not have the $78, 000 Morgan Stanley Dean Witter settlement check when he had in fact already deposited into his bank account (SAC ¶¶ 157 – 172.).   (Complete Auctions Sun Trust Account of No. 10000172 15905 (See SJ Ex 18.)

59. That there is no genuine issue of material fact ZIMMER knew this to be false since he deposited into his bank account the $78,000 check from Morgan Stanley Dean Witter six days (deposited on 07/21/2004 as shown by the Sun Trust Bank stamp) before ZIMMER told Plaintiff Mr. Morris (in ZIMMER's email dated 07/27/2004 at 03:54 PM, as stated above, that "[i]t was on its way." (SAC ¶ 164, see line 1 SAC, Exhibit 25.)

60. That there is no genuine issue of material fact ZIMMER made this false statement with the intention of inducing reliance by Plaintiff Mr. Morris to refrain from demanding that ZIMMER send him the part of the settlement check that Plaintiffs were entitled to receive (SAC ¶ 167.)

61. That there is no genuine issue of material fact that Plaintiff reasonably relied on ZIMMER statement because being Plaintiffs attorney Plaintiff Mr. Morris  had no reason to believe that ZIMMER, as his attorney, would knowingly make a false statement about receiving the $78,000 Morgan Stanley Dean Witter settlement check (SAC ¶¶ 169-171.)

62. That there is no genuine issue of material fact that ZIMMER not giving Plaintiffs the $78, 000 Morgan Stanley Dean Witter settlement check caused injury to the Plaintiff who did not receive payment (SAC ¶¶ 171, 172.)

63. That there is no genuine issue of material fact that ZIMMER defrauded

Plaintiffs of the $78, 000 Morgan Stanley Dean Witter Settlement check.

64. That there is no genuine issue of material fact that ZIMMER while acting as Plaintiffs' attorney made a misrepresentation or omission of material fact when he told Plaintiff Mr. Morris in regards to the $4,000 Luguang Luan settlement check "I would hold the check from Luang until the dust clears with the NASD" (SAC ¶ 175) referring to other actions he was claiming to pursue of obtaining enhance financial recovery through NASD and the State District Attorney by way of fines and penalties (SAC ¶ 174) which he did not obtain (SAC ¶ 176) and for which there is no evidence ZIMMER pursued (SAC ¶ 177).

65. That there is no genuine issue of material fact that ZIMMER knowingly and intentionally made a false representation of fact to Plaintiff MR. MORRIS in ZIMMER's email note to Plaintiff MR. MORRIS on 07/27/2004 at 03:54 PM (SAC Exhibit #25) that misled Plaintiff MR. MORRIS into believing that ZIMMER had intended to pursue enhanced recovery, by way of fines and penalties through the NASD and the State District Attorney, when Plaintiff MR. MORRIS asked ZIMMER if he had the settlement check from MSDW and Luguang Luan, when in fact ZIMMER had the settlement checks, and ZIMMER did not obtain such enhanced recovery and did not send Plaintiffs the amount owed Plaintiffs that he said he was holding until the dust cleared on what he was pursuing to get enhanced recovery (SAC ¶ 178.)

66. That there is no genuine issue of material fact that ZIMMER knew that the representation, what ZIMMER said to Plaintiff MR. MORRIS in ZIMMER's email note to Plaintiff MR. MORRIS on 07/27/2004 at 03:54 PM (SAC

Exhibit 5) was false and that made this false statement with the intention of inducing reliance by Plaintiff Mr. Morris to refrain from demanding that ZIMMER send him the part of the settlement check that Plaintiffs were entitled to receive (SAC ¶¶ 179, 180.)

67. That there is no genuine issue of material fact that Plaintiff reasonably relied on ZIMMER statement because being Plaintiffs attorney Plaintiff Mr. Morris had no reason to believe that ZIMMER, as his attorney, would knowingly make a false statement about receiving and holding the $4,000 Luguang Luan settlement check (SAC ¶¶ 181-184.)

68. That there is no genuine issue of material fact that ZIMMER not giving Plaintiffs the $4,000 Luguang Luan settlement check caused injury to Plaintiff who did not receive payment (SAC ¶ 185.)

69. That there is no genuine issue of material fact that ZIMMER defrauded Plaintiffs of the $4,000 Luguang Luan Settlement check.

70. That there is no genuine issue of material fact that ZIMMER while acting as Plaintiffs' attorney made a misrepresentation or omission of material fact when he received on 05/27/2004 a refund of $1,125 ("NASD Arbitration Hearing Fee") for the fee paid to NASD by Plaintiffs for the arbitration hearing that did not occur (SAC ¶ 31) which check was made out to Plaintiffs (SAC ¶ 278) and about which he did not inform Plaintiffs about this check (SAC ¶¶ 273, 281).

71. That there is no genuine issue of material fact that ZIMMER knowingly and intentionally made an omission of material fact while acting as Plaintiffs' attorney when he did not inform Plaintiffs that he received a refund check from NASD for

$1, 125 made out to the order of Plaintiffs (SAC ¶ 277) and deposited it instead
into Sun Trust Bank account 100001721590 for Complete Auctions LLC.  (See
Exhibit 18 of the affirmation submitted with tis paper.)

72. That there is no genuine issue of material fact that ZIMMER knew that
omitting to tell Plaintiffs that he received a refund check from NASD for $1, 125
made out to the order of Plaintiffs (SAC 277) was false and that he made this
omission with the intention of inducing reliance by Plaintiff to refrain from
demanding that ZIMMER send them the $1, 125 NASD refund that Plaintiffs
were entitled to receive (SAC ¶ 277) since the check was made out to them.

73. That there is no genuine issue of material fact that Plaintiff reasonably relied
on ZIMMER being Plaintiffs attorney to give them the $1, 125 NASD refund
check.

74. That there is no genuine issue of material fact that ZIMMER not giving Plaintiffs
the $1, 125 NASD refund check caused injury to Plaintiff who did not receive it
since ZIMMER signed it and (SAC ¶¶ 278 -281 and the Exhibits attached
thereto) deposited it into a Complete Auctions Sun Trust bank Account of No.
100001721S906 (See SJ Ex 18.)

75. That there is no genuine issue of material fact that ZIMMER defrauded
Plaintiffs of the $1, 125 NASD refund check.

76. That there is no genuine issue of material fact that ZIMMER while acting as
Plaintiffs' attorney made a misrepresentation or omission of material fact in not
returning to Plaintiffs a $450 checkwhen he received on 06/21/2004 a check from
Plaintiffs made out to him for a pre-arbitration hearing conference ("Pre-

arbitration Hearing Conference") in the amount of $450 ("Pre-arbitration

Hearing Conference Fee") for apre-arbitration hearing conference that did not

occur (SAC ¶¶ 32 to 35 and Exhibits attached thereto).

77. That there is no genuine issue of material fact that ZIMMER knowingly and

intentionally made an omission of material fact while acting as Plaintiffs' attorney

when he did not inform Plaintiffs that he did not use the amount of $450 ("Pre-

arbitration Hearing Conference Fee") for pre-arbitration hearing conference that

did not occur.

78. That there is no genuine issue of material fact that ZIMMER knew that the

omitting to tell Plaintiffs that he did not use the amount of $450 ("Pre-

arbitration Hearing Conference Fee") for pre-arbitration hearing conference that

did not occur was false and that he made this omission with the intention of

inducing reliance by Plaintiff to refrain from demanding that ZIMMER refund to

them the $450 ("Pre-arbitration Hearing Conference Fee") for a pre-arbitration

hearing conference that did not occur that Plaintiffs were entitled to receive since

it was not sent to ZIMMER for services rendered, which is admitted in

ZIMMER's affidavit of confession of judgment to stealing from Plaintiff $83, 625

which amount includes the of $450.

79. That there is no genuine issue of material fact that Plaintiff reasonably relied

on ZIMMER being Plaintiffs' attorney to give them the $450 ("Pre-arbitration

Hearing Conference Fee") for pre-arbitration hearing conference that did not

occur.

80. That there is no genuine issue of material fact that ZIMMER not giving Plaintiffs

the $450 ("Pre-arbitration Hearing Conference Fee") for pre-arbitration hearing

conference that did not occur caused injury to Plaintiff who did not receive it

back from ZIMMER who was paid in full for his services. (SAC ¶¶ 36, 282,

459.)

81. That there is no genuine issue of material fact that ZIMMER defrauded

Plaintiffs of the $450 ("Pre-arbitration Hearing Conference Fee") for pre-

arbitration hearing conference that did not occur.

82. That there is no genuine issue of material fact that ZIMMER while acting as

Plaintiffs' attorney made a misrepresentation or omission of material fact when he

did not total up payments made by Plaintiffs to him for his services to

determine that it exceeded what he stated he was owed (SAC ¶¶ 90 to 96, 109,

259, 261 to 271 and Exhibits attached thereto).

83. That there is no genuine issue of material fact that ZIMMER knowingly and

intentionally made an omission of material fact while acting as Plaintiffs' attorney

when he did not inform Plaintiffs that he was paid by Plaintiffs $50 in excess of

what he agreed that he should be paid (SAC ¶¶ 90 to 96, 109, 259, 261 to 271 and

Exhibits attached thereto).

84. That there is no genuine issue of material fact that ZIMMER knew that

omitting to total up payments made by Plaintiffs to him for his services as

compared to what he stated he was owed (SAC ¶¶ 90 to 96, 109, 259, 261 to

271 and Exhibits attached thereto) resulted in the $50 Excess Fee Paid ZIMMER

(SAC ¶¶ 39) which is

85. That there is no genuine issue of material fact that Plaintiff reasonably relied

on ZIMMER being Plaintiffs' attorney to give them the $50 Excess Fee Paid
ZIMMER.

86. That there is no genuine issue of material fact that ZIMMER not giving Plaintiffs
the $50 Excess Fee Paid ZIMMER caused injury to Plaintiff who did not receive
it back from ZIMMER who was paid in full for his services (SAC ¶¶ 90 to 96,
109, 259, 261 to 271 and Exhibits attached thereto) which is admitted in
ZIMMER's affidavit of confession of judgment by ZIMMER to stealing from
Plaintiff $83, 625 which amount includes the of $50 Excess Fee Paid ZIMMER.

87. That there is no genuine issue of material fact that ZIMMER defrauded
Plaintiffs of the $50 payments made by Plaintiffs to ZIMMER that exceeded
what ZIMMER agreed he was owed by Plaintiffs for his services ("Excess Fee
Paid ZIMMER.")

87 (a) That there is no genuine issue of material fact that ZIMMER defrauded
Plaintiffs of $83, 625 which is the sum of the $78, 000 Morgan Stanley Dean
Witter settlement check, the $4, 000 Luguan Luan settlement check , the $1, 125
NASD refund check, the $450 Pre Arbitration conference Fee and the $ 5p0
Excess Fee Paid Zimmer. (SAC ¶ 40.)

## PART 6
### PIERCE COMPLETE AUCTIONS' CORPORATE VEIL
### ZIMMER's ACTIONS

88. That there is no genuine issue of material fact that Complete Auctions, LLC is
the alter ego of ZIMMER and S. ZIMMER (SAC Exhibit 100 ¶ 60)

89. That there is no genuine issue of material fact that the only checks written out
of the Complete Auctions LLC corporate accounts were written by ZIMMER and

S. ZIMMER (SAC Exhibit 100 ¶ 60.)

90. That there is no genuine issue of material fact that ZIMMER and S. ZIMMER used  funds in Complete Auctions LLC corporate accounts as their personal bank account to pay all their personal bills (SAC Exhibit 100 ¶ 59);

91. That there is no genuine issue of material fact that virtually every check written on the Complete Auctions account was written by ZIMMER. (This is supported by SAC Exhibit 100 ¶ ¶ 87, Plaintiffs' papers Dkt. No. 75 ¶ 78 and Dkt. No 76 ¶ 92,  Dkt. No 282 Exhibit 1 Transcript of 01/04//2013 conference at page 71, lines 24 ZIMMER states "I was the only one that wrote checks," Plaintiffs' Opposition  Dkt. No. 75 Exhibit 9 and Plaintiffs' Opposition  Dkt. No. 76 Exhibit 14 ¶ 24.

92. That there is no genuine issue of material fact that ZIMMER maintained minimal business records (This is supported by SAC Exhibit 100 ¶ 88 and the fact that the Zimmer Defendants in response to Plaintiffs' discovery requests produced no independently verifiable evidence of Complete Auctions business activity.)

93. That there is no genuine issue of material fact that Complete Auctions, LLC never actually had any business.(This is supported by SAC ¶ 496 and the fact that the Zimmer Defendants in response to Plaintiffs' discovery requests produced no independently verifiable evidence of Complete Auctions business activity.)

94. That there is no genuine issue of material fact that Complete Auctions, LLC ever filed a tax return. (This is supported by SAC ¶ 497 and the fact that the Zimmer Defendants in response to Plaintiffs' discovery requests produced no

independently verifiable evidence of Complete Auctions business activity.)

95. That there is no genuine issue of material fact that Complete Auctions, LLC, other than the managing members ZIMMER, S. ZIMMER, D. ZIMMER and D. M. ZIMMER, never ever actually had any employees. (SAC ¶¶ 464 to 495 498 and the fact that the Zimmer Defendants in response to Plaintiffs' discovery requests identified no employees of Complete Auctions other then the Zimemr Defendants.)

96. That there is no genuine issue of material fact that ZIMMER comingled funds in Complete Auctions accounts. (This is supported by paragraph 42 of the Zimmer Defendants Joint paper dated 11/26/2012 entitled "DEFENDANTS' ADDITIONAL STATEMENT SUPPORTING ITS MOTION TO QUASH PLAINTIFFS' SECOND SET OF SUBPOENAS" (not in Pacer) which states "[t]he outside funds that were deposited into the Complete Auctions account came from work Zimmer performed for legal related and business consulting clients. Their identities are entitled to and need be protected."

97. That there is no genuine issue of material fact that ZIMMER dominated Complete Auctions, LLC. (This is supported by prior request and the cited evidence is support thereof.)

98. That there is no genuine issue of material fact that ZIMMER in response to Plaintiffs' discovery requests acknowledged that he was the only person who managed Complete Auctions (see Request 1 of Plaintiffs' Requests for the Production of Documents from ZIMMER (Exhibit 10 of SJ) and ZIMMER's Response thereto (SJ Ex 11) (Note discovery time period limited by Judge Smith

to  01/01/2003 to 12/31/2007.)

99. That there is no genuine issue of material fact that ZIMMER in response to

Plaintiffs' discovery requests produced no record of income tax filing for

Complete Auctions (see Request 12 of Plaintiffs' Requests for the Production of

Documents from ZIMMER (SJ Ex  10) and ZIMMER's Response thereto (SJ Ex

11)  (Note discovery time period limited by Judge Smith to  01/01/2003 to

12/31/2007.)

100.      That there is no genuine issue of material fact that ZIMMER in

response to Plaintiffs' discovery requests produced no financial records for

Complete Auctions (see Request 13 of Plaintiffs' Requests for the Production of

Documents from ZIMMER (SJ Ex 10 ) and ZIMMER's Response thereto (SJ Ex

11)  (Note discovery time period limited by Judge Smith to 01/01/2003 to

12/31/2007.)

101.      That there is no genuine issue of material fact that ZIMMER in

response to Plaintiffs' discovery requests produced no non-financial records for

Complete Auctions (see Request 14 of Plaintiffs' Requests for the Production of

Documents from ZIMMER (Exhibit 10 of SJ) and ZIMMER's Response thereto

(Exhibit 11 of SJ.))  (Note discovery time period limited by Judge Smith to

01/01/2003 to 12/31/2007.)

102.      That there is no genuine issue of material fact that ZIMMER in

response to Plaintiffs' discovery requests produced no copies of purchases and

sales of Complete Auctions LLC (see Request 15 of Plaintiffs' Requests for the

Production of Documents from ZIMMER (Exhibit 10 of SJ) and ZIMMER's

(see Request 21 of Plaintiffs' Requests for the Production of Documents from ZIMMER (Exhibit 10 of SJ) and ZIMMER's Response thereto (Exhibit 11 of SJ.))  (Note discovery time period limited by Judge Smith to 01/01/2003 to 12/31/2007.)

107.    That there is no genuine issue of material fact that ZIMMER in response to Plaintiffs' discovery requests identified no owners of Complete Auctions LLC other than the Zimmer Defendants and Stephanie L. Zimmer (see Requests 22, 23 of Plaintiffs' Requests for the Production of Documents from ZIMMER (Exhibit 10 of SJ) and ZIMMER's Response thereto (Exhibit 11 of SJ.))  (Note discovery time period limited by Judge Smith to 01/01/2003 to 12/31/2007.)

108.    Intentinally left blank.

109.    That there is no genuine issue of material fact that ZIMMER in response to Plaintiffs' discovery requests identified no persons who had access to the money, funds or assets owned or in possession of Complete Auctions LLC other than ZIMMER (see Requests 24, 25, 26 of Plaintiffs' Requests for the Production of Documents from ZIMMER (Exhibit 10 of SJ) and ZIMMER's Response thereto (Exhibit 11 of SJ.))  (Note discovery time period limited by Judge Smith to 01/01/2003 to 12/31/2007.)

110.    That there is no genuine issue of material fact that ZIMMER in response to Plaintiffs' discovery requests identified no persons who received from Complete Auctions money, funds or assets owned or in possession of Complete Auctions LLC (see Request 27 of Plaintiffs' Requests for the Production of

Documents from ZIMMER (Exhibit 10 of SJ) and ZIMMER's Response thereto
(Exhibit 11 of SJ.))  (Note discovery time period limited by Judge Smith to
01/01/2003 to 12/31/2007.)

111.     That there is no genuine issue of material fact that ZIMMER in
response to Plaintiffs' discovery requests did not identify the location of any
documents related to the business transactions of Complete Auctions LLC (see
Request 28 of Plaintiffs' Requests for the Production of Documents from
ZIMMER (Exhibit 10 of SJ) and ZIMMER's Response thereto (Exhibit 11 of
SJ.)  (Note discovery time period limited by Judge Smith to 01/01/2003 to
12/31/2007.)

112.     That there is no genuine issue of material fact that ZIMMER in
response to Plaintiffs' discovery requests produced no documents related to the
business transactions of Complete Auctions LLC (see Request 29 of Plaintiffs'
Requests for the Production of Documents from ZIMMER (Exhibit 10 of SJ) and
ZIMMER's Response thereto (Exhibit 11 of SJ.)) (Note discovery time period
limited by Judge Smith to  01/01/2003 to 12/31/2007.)

113.     That there is no genuine issue of material fact that ZIMMER in
response to Plaintiffs' discovery requests produced no copies of any (all)
contracts entered into by Complete Auctions LLC (see Request 30 of Plaintiffs'
Requests for the Production of Documents from ZIMMER (Exhibit 10 of SJ) and
ZIMMER's Response thereto (Exhibit 11 of SJ.)) (Note discovery time period
limited by Judge Smith to 01/01/2003 to 12/31/2007.)

114.     That there is no genuine issue of material fact that ZIMMER in

response to Plaintiffs' discovery requests produced no documentary information in regards to Complete Auctions LLC (see Requests 31 and 37 of Plaintiffs' Requests for the Production of Documents from ZIMMER (Exhibit 10 of SJ) and ZIMMER's Response thereto (Exhibit 11 of SJ.)) (Note discovery time period limited by Judge Smith to 01/01/2003 to 12/31/2007.)

115.    That there is no genuine issue of material fact that ZIMMER in response to discovery requests of Plaintiffs produced no operating agreement for Complete Auctions.  (This follows from the fact that ZIMMER in response to discovery requests produced no copies of any documents or contracts related to Complete Actins as identified in prior requests.)

116.    That there is no genuine issue of material fact that each of the Other Zimmer Defendants in response to discovery requests produced no copy of an operating agreement for Complete Auctions.  (This follows from the requests identified below that each of the Other Zimmer Defendants in response to Plaintiffs' discovery requests produced no copies of any documents or contract related to Complete Actins as identified in prior requests.)

117.    That there is no genuine issue of material fact that ZIMMER was a managing member or member of Complete Auctions LLC (SAC ¶¶ 443 – 456 SAC Exhibits 85, 86 and Exhibit 19 of SJ.)

118.    That there is no genuine issue of material fact that. ZIMMER was a managing members/managers  of Complete Auctions LLC.  (See SAC ¶¶ 443 – 456 SAC Exhibits 85, 86 and the Certified Copy of Complete Auctions LLC corporate file from the Florida Secretary of State (Exhibit 19 of SJ.)

119.     That there is no genuine issue of material fact that ZIMMER in response to Plaintiffs' discovery requests stated he was the only managing member of Complete Auctions LLC (see Interrogatory 1 of Plaintiffs' Interrogatories to ZIMMER (Exhibit 12 of SJ) and ZIMMER's Response thereto (Exhibit 11 of SJ.)) (Note discovery time period limited by Judge Smith to 01/01/2003 to 12/31/2007.)

120.     That there is no genuine issue of material fact that ZIMMER in response to Plaintiffs' discovery requests could not identify any employees of Complete Auctions LLC (see Interrogatory 2 of Plaintiffs' Interrogatories to ZIMMER (Exhibit 12 of SJ) and ZIMMER's Response thereto (Exhibit 11 of SJ.)) (Note discovery time period limited by Judge Smith to 01/01/2003 to 12/31/2007.)

121.     That there is no genuine issue of material fact that ZIMMER in response to Plaintiffs' discovery requests did not identify any investors in Complete Auctions LLC other than the Zimmer Defendants characterized as investing "to the extent possible" (see Interrogatory 3 of Plaintiffs' Interrogatories to ZIMMER (Exhibit 12 of SJ) and ZIMMER's Response thereto (Exhibit 11 of SJ.)) (Note discovery time period limited by Judge Smith to 01/01/2003 to 12/31/2007.)

122.     That there is no genuine issue of material fact that ZIMMER in response to Plaintiffs' discovery requests did not identify any owners in Complete Auctions LLC other than ZIMMER's children being that originating shareholders (see Interrogatory 4 of Plaintiffs' Interrogatories to ZIMMER (Exhibit 12 of SJ)

and ZIMMER's Response thereto (Exhibit 11 of SJ.)) (Note discovery time period limited by Judge Smith to 01/01/2003 to 12/31/2007.)

123.     That there is no genuine issue of material fact that ZIMMER in response to Plaintiffs' discovery requests did not identify any person other than himself who had access to the money, funds or assets owned or in possession of Complete Auctions LLC (see Interrogatory 5 of Plaintiffs' Interrogatories to ZIMMER (Exhibit 12 of SJ) and ZIMMER's Response thereto (Exhibit 11 of SJ.)) (Note discovery time period limited by Judge Smith to 01/01/2003 to 12/31/2007.)

124.     That there is no genuine issue of material fact that ZIMMER in response to Plaintiffs' discovery requests did not identify any person who received from Complete Auctions LLC money, funds or assets owned or in possession of Complete Auctions LLC (see Interrogatory 6 of Plaintiffs' Interrogatories to ZIMMER (Exhibit 12 of SJ) and ZIMMER's Response thereto (Exhibit 11 of SJ.)) (Note discovery time period limited by Judge Smith to 01/01/2003 to 12/31/2007.)

125.     That there is no genuine issue of material fact that ZIMMER in response to Plaintiffs' discovery requests did not identify names, addresses, telephone numbers, web addresses, electronic storage locations and email addresses of places where any documents of Complete Auctions LLC could be found (see Interrogatory 7 of Plaintiffs' Interrogatories to ZIMMER (Exhibit 12 of SJ) and ZIMMER's Response thereto (Exhibit 11 of SJ.)) (Note discovery time period limited by Judge Smith to 01/01/2003 to 12/31/2007.)

126.     That there is no genuine issue of material fact that ZIMMER in response to Plaintiffs' discovery requests did not have as alleged "*Attached to this request for information is additional information that more than establishes that CompleteAuctions was at the time of Plaintiff investment a very viable company*" which assertion by ZIMMER is a misrepresentation of fact. (See Interrogatory 7 of Plaintiffs' Interrogatories to ZIMMER (Exhibit 12 of SJ) and ZIMMER's Response thereto (Exhibit 11 of SJ.)) (Note discovery time period limited by Judge Smith to 01/01/2003 to 12/31/2007.)

127.     That there is no genuine issue of material fact that ZIMMER in response to Plaintiffs' discovery requests did not identify location addresses, telephone numbers, email addresses and web addresses of Complete Auctions LLC (see Interrogatory 8 of Plaintiffs' Interrogatories to ZIMMER (Exhibit 12 of SJ) and ZIMMER's Response thereto (Exhibit 11 of SJ.)) (Note discovery time period limited by Judge Smith to 01/01/2003 to 12/31/2007.)

128.     That there is no genuine issue of material fact that ZIMMER in ZIMMER's responses (Exhibit 9 of Dkt. No. 287) to Plaintiffs' requests of admissions of ZIMMER (Exhibit 10 of Dkt. No. 287, e.g. Request for admission 60, 61, 62) ZIMMER admits he ran Complete Auctions without monitoring or oversight by S. ZIMMER, D. ZIMMER or D. M. ZIMMER who were managing members/ members of Complete Auctions. (Note Exhibit 9 of Dkt. No. 287 is one paper submitted jointly by the Zimmer Defendants containing each of the Zimmer Defendants' responses to the Requests for Admissions of each of the Other Zimmer Defendants.) (Each of the Other Zimmer Defendants were

managing members/ members of Complete Auctions See SAC ¶¶ 443 – 456

SAC Exhibits 85, 86 and the Certified Copy of Complete Auctions LLC

corporate file from the Florida Secretary of State (Exhibit 19 of SJ.)

129.     That there is no genuine issue of material fact that in each of the Other

Zimmer Defendants' responses (Exhibit 17 (second part) of SJ for S. ZIMMER,

Exhibit 11 of Dkt. No. 287 for D. ZIMMER and Exhibit 12 of Dkt. No. 287 for D.

M. ZIMMER) to Plaintiffs' deposition of each of the Other Zimmer Defendants

by Written Questions (Exhibit 13 of Dkt. No. 287 for S. ZIMMER, Exhibit 14 of

Dkt. No. 287 for D. ZIMMER and Exhibit 15 of Dkt. No. 287 for D. M.

ZIMMER) each of the Other Zimmer Defendants admits ZIMMER ran Complete

Auctions without monitoring or oversight by S. ZIMMER, D. ZIMMER or D. M.

ZIMMER who were managing members/ members of Complete Auctions.  (See

for example, Plaintiffs' Deposition Questions 21, 22 (Exhibit 13 of Dkt. No. 287

for S. ZIMMER, Exhibit 14 of Dkt. No. 287 for D. ZIMMER and Exhibit 15 of

Dkt. No. 287 for D. M.  ZIMMER) and the answers of S. ZIMMER, D. ZIMMER

and D. M. ZIMMER thereto (Exhibit 17 (second part) of SJ for S. ZIMMER,

Exhibit 11 of Dkt. No. 287 for D. ZIMMER and Exhibit 12 of Dkt. No. 287 for D.

M. ZIMMER).

130.     That there is no genuine issue of material fact that in each of the Other

Zimmer Defendants' responses (Exhibit 9 of Dkt. No. 287) to Plaintiffs' requests

of admissions of each of the Other Zimmer Defendants (Exhibit 16 of Dkt. No.

287 for S. ZIMMER, Exhibit 17 of Dkt. No. 287 for D. ZIMMER and Exhibit 18

of Dkt. No. 287 for D. M. ZIMMER) each admits ZIMMER ran Complete

Auctions without monitoring or oversight by S. ZIMMER, D. ZIMMER or D. M. ZIMMER who were managing members/ members of Complete Auctions. (Note Exhibit 9 of Dkt. No. 287 is one paper submitted jointly by the Zimmer Defendants containing each of the Zimmer Defendants' responses to the Requests for Admissions.  Below is a section for each of S. ZIMMER, D. ZIMMER or D. M. ZIMMER showing the evidentiary support for this request.) (Each of the Other Zimmer Defendants were managing members/ members of Complete Auctions See SAC ¶¶ 443 – 456 SAC Exhibits 85, 86 and the Certified Copy of Complete Auctions LLC corporate file from the Florida Secretary of State (Exhibit 19 of SJ.)

131.      That there is no genuine issue of material fact that ZIMMER in ZIMMER's responses (Exhibit 9 of Dkt. No. 287) to Plaintiffs' requests of admissions of ZIMMER (Exhibit 10 of Dkt. No. 287, e.g. Request for Admission 78, 79, 80) admits he did not kept detailed records (accounting) of money and assets in Complete Auctions, LLC.

132.      That there is no genuine issue of material fact that ZIMMER in ZIMMER's responses (Exhibit 9 of Dkt. No. 287) to Plaintiffs' requests of admissions of ZIMMER (Exhibit 10 of Dkt. No. 287, e.g. Request for Admission 81, 82, 83) ZIMMER admits he was the only one of the persons (ZIMMER, S. ZIMMER, D. ZIMMER and D. M. ZIMMER) listed as managing members/ members of Complete Auctions, LLC (SAC ¶¶ 443 - 456, SAC Exhibits 85, 86 and the Certified Copy of Complete Auctions LLC corporate file from the Florida Secretary of State (Exhibit 19 of SJ)) who managed Complete

Auctions

133.     That there is no genuine issue of material fact that ZIMMER in

ZIMMER's responses (Exhibit 9 of Dkt. No. 287) to Plaintiffs' requests of

admissions of ZIMMER (Exhibit 10 of Dkt. No. 287, e.g. Request for Admission

81, 82, 83) ZIMMER states S. ZIMMER, D. ZIMMER and D. M. ZIMMER

who are listed as managing members/ members of Complete Auctions, LLC

(SAC ¶¶ 443 - 456, SAC Exhibits 85, 86 and the Certified Copy of Complete

Auctions LLC corporate file from the Florida Secretary of State (Exhibit 19

of SJ)) did not delegate to ZIMMER the role of managing Complete Auctions.

134.     That there is no genuine issue of material fact that S. ZIMMER, D.

ZIMMER and D. M. ZIMMER (who are listed as managing members/

members of Complete Auctions, LLC (SAC ¶¶ 443 - 456, SAC Exhibits 85,

86 and the Certified Copy of Complete Auctions LLC corporate file from the

Florida Secretary of State (Exhibit 19 of SJ))) disregarded corporate

formalities about ZIMMER serving in the role of managing Complete

Auctions since ZIMMER states S. ZIMMER, D. ZIMMER and D. M.

ZIMMER did not delegate this to him, but he exercised that role

notwithstanding.  (This follows from ZIMMER's responses (Exhibit 9 of Dkt.

No. 287) to Plaintiffs' requests of admissions of ZIMMER (Exhibit 10 of Dkt.

No. 287, e.g. Request for Admission 81, 82, 83.))

135.     That there is no genuine issue of material fact that S. ZIMMER, D.

ZIMMER and D. M. ZIMMER (who are listed as managing members/

members of Complete Auctions, LLC (SAC ¶¶ 443 - 456, SAC Exhibits 85,

86 and the Certified Copy of Complete Auctions LLC corporate file from the

Florida Secretary of State (Exhibit 19 of SJ))) were intentionally ignorant

about ZIMMER serving in the role of managing Complete Auctions since

ZIMMER states S. ZIMMER, D. ZIMMER and D. M. ZIMMER did not

delegate this to him, but he exercised that role notwithstanding.  (This follows

from ZIMMER's responses (Exhibit 9 of Dkt. No. 287) to Plaintiffs' requests of

admissions of ZIMMER (Exhibit 10 of Dkt. No. 287, e.g. Request for Admission

81, 82, 83.))

136.      That there is no genuine issue of material fact that ZIMMER admits he

told Plaintiffs that he put money that he derived from his representation of

Plaintiffs in the Morgan Stanley Dean Witter Arbitration Matter into Complete

Auctions as an investment in Complete Auctions and in view thereof and in view

of his statement in his motion to dismiss served on 04/25/2011 (Dkt. No. 78, page

4:3-5) in this federal civil action that "[d]efendant passed on proposed financing

for CompleteAuctions. Morris rescinded his authorization stating that his wife

would not allow the investment," ZIMMER admits he did not pay Plaintiffs the

money that he alleged they agreed to invest in Complete Auctions at that time or

since then, except for what he paid as part of the related criminal action before the

New York City Criminal Court. (This follows from ZIMMER's responses

(Exhibit 9 of Dkt. No. 287) to Plaintiffs' requests of admissions of ZIMMER

(Exhibit 10 of Dkt. No. 287, e.g. Request for Admission 87.))

137.      That there is no genuine issue of material fact that ZIMMER admits

that he disregarded corporate formalities in managing Complete Auctions because

ZIMMER admits that he as a MANAGING MEMBER, MEMBER or owners of

Complete Auctions did not have a working relationship with S. ZIMMER, D.

ZIMMER and D M. ZIMMER through which there was an exchange of

information between ZIMMER and  S. ZIMMER, D. ZIMMER and D. M.

ZIMMER informing ZIMMER and S. ZIMMER, D. ZIMMER and D. M.

ZIMMER as a MANAGING MEMBER, MEMBER or owner of Complete

Auctions  about the ongoing operations including, without limitation, sales,

profits, investments and finances of Complete Auctions, LLC.  (This follows

from ZIMMER's responses (Exhibit 9 of Dkt. No. 287) to Plaintiffs' requests of

admissions of ZIMMER (Exhibit 10 of Dkt. No. 287, e.g. Requests for Admission

88, 89, 90.)  This follows from each of the Zimmer Defendants being

managing members /members of Complete Auctions (SAC ¶¶ 443 - 456, SAC

Exhibits 85, 86 and the Certified Copy of Complete Auctions LLC corporate

file from the Florida Secretary of State (Exhibit 19 of SJ).)

138.      That there is no genuine issue of material fact that ZIMMER admits he

keeped track of Plaintiffs' money in Complete Auctions accounts and can

distinguish it from other funds in those accounts, and thereby each of the Other

Zimmer Defendants can identify it.  (This follows from ZIMMER's responses

(Exhibit 9 of Dkt. No. 287) to Plaintiffs' requests of admissions of ZIMMER

(Exhibit 10 of Dkt. No. 287, e.g. Request for Admission 92.))

139.      That there is no genuine issue of material fact that ZIMMER admits

that S. ZIMMER as a managing member/ member of Complete Auctions LLC

disregarded corporate formalities in managing Complete Auctions because

ZIMMER states that he ran Complete Auctions without being authorized by S. ZIMMER to be S. ZIMMER's agent to did so.(This follows from ZIMMER's responses (Exhibit 9 of Dkt. No. 287) to Plaintiffs' requests of admissions of ZIMMER (Exhibit 10 of Dkt. No. 287, e.g. Request for Admission 93.)   This follows from each of the Zimmer Defendants being managing members /members of Complete Auctions (SAC ¶¶ 443 - 456, SAC Exhibits 85, 86 and the Certified Copy of Complete Auctions LLC corporate file from the Florida Secretary of State (Exhibit 19 of SJ).)

140.     That there is no genuine issue of material fact that ZIMMER admits that D. ZIMMER as a managing member/ member of Complete Auctions LLC disregarded corporate formalities in managing Complete Auctions because ZIMMER states that he ran Complete Auctions without being authorized by D. ZIMMER to be D. ZIMMER's agent to did so.. (This follows from ZIMMER's responses (Exhibit 9 of Dkt. No. 287) to Plaintiffs' requests of admissions of ZIMMER (Exhibit 10 of Dkt. No. 287, e.g. Request for Admission 94.)   This follows from each of the Zimmer Defendants being managing members /members of Complete Auctions (SAC ¶¶ 443 - 456, SAC Exhibits 85, 86 and the Certified Copy of Complete Auctions LLC corporate file from the Florida Secretary of State (Exhibit 19 of SJ))

141.     That there is no genuine issue of material fact that ZIMMER admits that D. M. ZIMMER as a managing member/ member of Complete Auctions LLC disregarded corporate formalities in managing Complete Auctions because ZIMMER states that he ran Complete Auctions without being authorized by D.

M. ZIMMER to be D. M. ZIMMER's agent to did so.. (This follows from

ZIMMER's responses (Exhibit 9 of Dkt. No. 287) to Plaintiffs' requests of

admissions of ZIMMER (Exhibit 10 of Dkt. No. 287, e.g. Request for Admission

95.) This follows from each of the Zimmer Defendants being managing

members /members of Complete Auctions (SAC ¶¶ 443 - 456, SAC Exhibits

85, 86 and the Certified Copy of Complete Auctions LLC corporate file from

the Florida Secretary of State (Exhibit 19 of SJ).)

142.     That there is no genuine issue of material fact that ZIMMER admits

that S. ZIMMER as a managing member/ member of Complete Auctions LLC

disregarded corporate formalities in managing Complete Auctions because

ZIMMER states that he ran Complete Auctions without being monitored by S.

ZIMMER. (This follows from ZIMMER's responses (Exhibit 9 of Dkt. No.

287) to Plaintiffs' requests of admissions of ZIMMER (Exhibit 10 of Dkt. No.

287, e.g. Request for Admission 96.) This follows from each of the Zimmer

Defendants being managing members /members of Complete Auctions (SAC

¶¶ 443 - 456, SAC Exhibits 85, 86 and the Certified Copy of Complete

Auctions LLC corporate file from the Florida Secretary of State (Exhibit 19

of SJ).)

143.     That there is no genuine issue of material fact that ZIMMER admits

that D. ZIMMER as a managing member/ member of Complete Auctions LLC

disregarded corporate formalities in managing Complete Auctions because

ZIMMER states that he ran Complete Auctions without being monitored by D.

ZIMMER. (This follows from ZIMMER's responses (Exhibit 9 of Dkt. No.

287) to Plaintiffs' requests of admissions of ZIMMER (Exhibit 10 of Dkt. No. 287, e.g. Request for Admission 97.)  This follows from each of the Zimmer Defendants being managing members /members of Complete Auctions (SAC ¶¶ 443 - 456, SAC Exhibits 85, 86 and the Certified Copy of Complete Auctions LLC corporate file from the Florida Secretary of State (Exhibit 19 of SJ))

144.     That there is no genuine issue of material fact that ZIMMER admits that D. M. ZIMMER as a managing member/ member of Complete Auctions LLC disregarded corporate formalities in managing Complete Auctions because ZIMMER states that he ran Complete Auctions without being monitored by D. ZIMMER.  (This follows from ZIMMER's responses (Exhibit 9 of Dkt. No. 287) to Plaintiffs' requests of admissions of ZIMMER (Exhibit 10 of Dkt. No. 287, e.g. Request for Admission 98.)  This follows from each of the Zimmer Defendants being managing members /members of Complete Auctions (SAC ¶¶ 443 - 456, SAC Exhibits 85, 86 and the Certified Copy of Complete Auctions LLC corporate file from the Florida Secretary of State (Exhibit 19 of SJ).)

145.     That there is no genuine issue of material fact that ZIMMER admits that S. ZIMMER as a managing member/ member of Complete Auctions LLC disregarded corporate formalities in managing Complete Auctions because ZIMMER states that he ran Complete Auctions without disclosing the manner in which he was participating in the functioning of Complete Auctions to S. ZIMMER.  (This follows from ZIMMER's responses (Exhibit 9 of Dkt. No.

287) to Plaintiffs' requests of admissions of ZIMMER (Exhibit 10 of Dkt. No.
287, e.g. Request for Admission 109.)  This follows from each of the Zimmer
Defendants being managing members /members of Complete Auctions (SAC
¶¶ 443 - 456, SAC Exhibits 85, 86 and the Certified Copy of Complete
Auctions LLC corporate file from the Florida Secretary of State (Exhibit 19
of SJ). )

146.    That there is no genuine issue of material fact that ZIMMER admits
that D. ZIMMER as a managing member/ member of Complete Auctions LLC
disregarded corporate formalities in managing Complete Auctions because
ZIMMER states that he ran Complete Auctions without disclosing the manner in
which he was participating in the functioning of Complete Auctions to D.
ZIMMER.  (This follows from ZIMMER's responses (Exhibit 9 of Dkt. No.
287) to Plaintiffs' requests of admissions of ZIMMER (Exhibit 10 of Dkt. No.
287, e.g. Request for Admission 110.)  This follows from each of the Zimmer
Defendants being managing members /members of Complete Auctions (SAC
¶¶ 443 - 456, SAC Exhibits 85, 86 and the Certified Copy of Complete
Auctions LLC corporate file from the Florida Secretary of State (Exhibit 19
of SJ).)

147.    That there is no genuine issue of material fact that ZIMMER admits
that D. M. ZIMMER as a managing member/ member of Complete Auctions LLC
disregarded corporate formalities in managing Complete Auctions because
ZIMMER states that he ran Complete Auctions without disclosing the manner in
which he was participating in the functioning of Complete Auctions to D. M.

ZIMMER. (This follows from ZIMMER's responses (Exhibit 9 of Dkt. No. 287) to Plaintiffs' requests of admissions of ZIMMER (Exhibit 10 of Dkt. No. 287, e.g. Request for Admission 111.) This follows from each of the Zimmer Defendants being managing members /members of Complete Auctions (SAC ¶¶ 443 - 456, SAC Exhibits 85, 86 and the Certified Copy of Complete Auctions LLC corporate file from the Florida Secretary of State (Exhibit 19 of SJ))

148.     That there is no genuine issue of material fact that ZIMMER admits that S. ZIMMER as a managing member/ member of Complete Auctions LLC received from him a written agreement (for example a formal contract, a letter, an email or other tangible manifestation) of Plaintiffs' alleged agreement to invest money in Complete Auctions which establishes that ZIMMER informed S. ZIMMER that ZIMMER put Plaintiffs money into Complete Auctions. (This follows from ZIMMER's responses (Exhibit 9 of Dkt. No. 287) to Plaintiffs' requests of admissions of ZIMMER (Exhibit 10 of Dkt. No. 287, e.g. Request for Admission 132.) This follows from each of the Zimmer Defendants being managing members /members of Complete Auctions (SAC ¶¶ 443 - 456, SAC Exhibits 85, 86 and the Certified Copy of Complete Auctions LLC corporate file from the Florida Secretary of State (Exhibit 19 of SJ). This follows from each of the Zimmer Defendants being managing members /members of Complete Auctions (SAC ¶¶ 443 - 456, SAC Exhibits 85, 86 and the Certified Copy of Complete Auctions LLC corporate file from the Florida Secretary of State (Exhibit 19 of SJ). )

149.      That there is no genuine issue of material fact that ZIMMER admits
that D. ZIMMER as a managing member/ member of Complete Auctions LLC
received from him a written agreement (for example a formal contract, a letter, an
email or other tangible manifestation) of Plaintiffs' alleged agreement to invest
money in Complete Auctions which establishes that ZIMMER informed D.
ZIMMER that ZIMMER put Plaintiffs money into Complete Auctions.  (This
follows from ZIMMER's responses (Exhibit 9 of Dkt. No. 287) to Plaintiffs'
requests of admissions of ZIMMER (Exhibit 10 of Dkt. No. 287, e.g. Request for
Admission 133.))

150.      That there is no genuine issue of material fact that ZIMMER admits
that D. M. ZIMMER as a managing member/ member of Complete Auctions LLC
received from him a written agreement (for example a formal contract, a letter, an
email or other tangible manifestation) of Plaintiffs' alleged agreement to invest
money in Complete Auctions which establishes that ZIMMER informed D. M.
ZIMMER that ZIMMER put Plaintiffs money into Complete Auctions.  (This
follows from ZIMMER's responses (Exhibit 9 of Dkt. No. 287) to Plaintiffs'
requests of admissions of ZIMMER (Exhibit 10 of Dkt. No. 287, e.g. Request for
Admission 134.)  This follows from each of the Zimmer Defendants being
managing members /members of Complete Auctions (SAC ¶¶ 443 - 456, SAC
Exhibits 85, 86 and the Certified Copy of Complete Auctions LLC corporate
file from the Florida Secretary of State (Exhibit 19 of SJ).)

151.      That there is no genuine issue of material fact that ZIMMER admits
that S. ZIMMER as a managing member/ member of Complete Auctions LLC did

not keep track of the finances (e.g. sale, profits, costs, losses, return to investors on investments in Complete Auctions ) of Complete Auctions LLC. (This follows from ZIMMER's responses (Exhibit 9 of Dkt. No. 287) to Plaintiffs' requests of admissions of ZIMMER (Exhibit 10 of Dkt. No. 287, e.g. Request for Admission 138.) This follows from each of the Zimmer Defendants being managing members /members of Complete Auctions (SAC ¶¶ 443 - 456, SAC Exhibits 85, 86 and the Certified Copy of Complete Auctions LLC corporate file from the Florida Secretary of State (Exhibit 19 of SJ).)

152.     That there is no genuine issue of material fact that ZIMMER admits that D. ZIMMER as a managing member/ member of Complete Auctions LLC did not keep track of the finances (e.g. sale, profits, costs, losses, return to investors on investments in Complete Auctions ) of Complete Auctions LLC. (This follows from ZIMMER's responses (Exhibit 9 of Dkt. No. 287) to Plaintiffs' requests of admissions of ZIMMER (Exhibit 10 of Dkt. No. 287, e.g. Request for Admission 139.) This follows from each of the Zimmer Defendants being managing members /members of Complete Auctions (SAC ¶¶ 443 - 456, SAC Exhibits 85, 86 and the Certified Copy of Complete Auctions LLC corporate file from the Florida Secretary of State (Exhibit 19 of SJ).)

153.     That there is no genuine issue of material fact that ZIMMER admits that D. M. ZIMMER as a managing member/ member of Complete Auctions LLC did not keep track of the finances (e.g. sale, profits, costs, losses, return to investors on investments in Complete Auctions ) of Complete Auctions LLC.

(This follows from ZIMMER's responses (Exhibit 9 of Dkt. No. 287) to Plaintiffs' requests of admissions of ZIMMER (Exhibit 10 of Dkt. No. 287, e.g. Request for Admission 140.) This follows from each of the Zimmer Defendants being managing members /members of Complete Auctions (SAC ¶¶ 443 - 456, SAC Exhibits 85, 86 and the Certified Copy of Complete Auctions LLC corporate file from the Florida Secretary of State (Exhibit 19 of SJ).)

154.     That there is no genuine issue of material fact that S. ZIMMER, D. ZIMMER and D. M. ZIMMER (who are listed as managing members/ members of Complete Auctions, LLC (SAC ¶¶ 443 - 456, SAC Exhibits 85, 86 and the Certified Copy of Complete Auctions LLC corporate file from the Florida Secretary of State (Exhibit 19 of SJ))) were intentionally ignorant about ZIMMER serving in the role of managing Complete Auctions since ZIMMER states S. ZIMMER, D. ZIMMER and D. M. ZIMMER did not delegate to him the role of managing Complete Auctions to act for. ZIMMER, D. ZIMMER and D. M. ZIMMER as a MANAGING MEMBER, MEMBER or owner of Complete Auctions. but he exercised that role notwithstanding. (This follows from ZIMMER's responses (Exhibit 9 of Dkt. No. 287) to Plaintiffs' requests of admissions of ZIMMER (Exhibit 10 of Dkt. No. 287, e.g. Request for Admission 164, 165,166.))

155.     That there is no genuine issue of material fact that S. ZIMMER, D. ZIMMER and D. M. ZIMMER (who are listed as managing members/ members of Complete Auctions, LLC (SAC ¶¶ 443 - 456, SAC Exhibits 85,

86 and the Certified Copy of Complete Auctions LLC corporate file from the
Florida Secretary of State (Exhibit 19 of SJ))) were intentionally ignorant
about ZIMMER running Complete Auctions since ZIMMER states S.
ZIMMER, D. ZIMMER and D. M. ZIMMER did not let him run Complete
Auctions Complete Auctions for S. ZIMMER, D. ZIMMER and D. M.
ZIMMER as a MANAGING MEMBER, MEMBER or owner of Complete
Auctions, but he exercised that role notwithstanding.  (This follows from
ZIMMER's responses (Exhibit 9 of Dkt. No. 287) to Plaintiffs' requests of
admissions of ZIMMER (Exhibit 10 of Dkt. No. 287, e.g. Request for Admission
167, 168,169.))

156.        That there is no genuine issue of material fact that S. ZIMMER, D.
ZIMMER and D. M. ZIMMER (who are listed as managing members/
members of Complete Auctions, LLC (SAC ¶¶ 443 - 456, SAC Exhibits 85,
86 and the Certified Copy of Complete Auctions LLC corporate file from the
Florida Secretary of State (Exhibit 19 of SJ))) were intentionally ignorant
about the activities that ZIMMER engaged in while running Complete
Auctions LLC since ZIMMER states S. ZIMMER, D. ZIMMER and D. M.
ZIMMER did not review or investigate any of the activities that ZIMMER
engaged in while he was  running Complete Auctions LLC while  S.
ZIMMER, D. ZIMMER and D. M. ZIMMER were MANAGING MEMBER,
MEMBER or owner of Complete Auctions, but he engaged in those activities
notwithstanding.  (This follows from ZIMMER's responses (Exhibit 9 of Dkt.
No. 287) to Plaintiffs' requests of admissions of ZIMMER (Exhibit 10 of Dkt.

No. 287, e.g. Request for Admission 170, 171, 172.))

157.     That there is no genuine issue of material fact that S. ZIMMER, D. ZIMMER and D. M. ZIMMER (who are listed as managing members/ members of Complete Auctions, LLC (SAC ¶¶ 443 - 456, SAC Exhibits 85, 86 and the Certified Copy of Complete Auctions LLC corporate file from the Florida Secretary of State (Exhibit 19 of SJ))) were intentionally ignorant about financial activities in Complete Auctions while ZIMMER was running Complete Auctions LLC since ZIMMER states S. ZIMMER, D. ZIMMER and D. M. ZIMMER did not track what ZIMMER did with the money that ZIMMER received representing Plaintiffs as part of his law practice that he put into Complete Auctions while S. ZIMMER, D. ZIMMER and D. M. ZIMMER were MANAGING MEMBER, MEMBER or owner of Complete Auctions, but he engaged in those activities notwithstanding. (This follows from ZIMMER's responses (Exhibit 9 of Dkt. No. 287) to Plaintiffs' requests of admissions of ZIMMER (Exhibit 10 of Dkt. No. 287, e.g. Request for Admission 176, 177, 178.))

158.     That there is no genuine issue of material fact that S. ZIMMER, D. ZIMMER and D. M. ZIMMER (who are listed as managing members/ members of Complete Auctions, LLC (SAC ¶¶ 443 - 456, SAC Exhibits 85, 86 and the Certified Copy of Complete Auctions LLC corporate file from the Florida Secretary of State (Exhibit 19 of SJ))) disregarded corporate formalities in not monitoring financial activities in Complete Auctions while ZIMMER was running Complete Auctions LLC since ZIMMER states S.

ZIMMER, D. ZIMMER and D. M. ZIMMER did not track what ZIMMER did with the money that ZIMMER received representing Plaintiffs as part of his law practice that he put into Complete Auctions while S. ZIMMER, D. ZIMMER and D. M. ZIMMER were MANAGING MEMBER, MEMBER or owner of Complete Auctions, but he engaged in those activities notwithstanding. (This follows from ZIMMER's responses (Exhibit 9 of Dkt. No. 287) to Plaintiffs' requests of admissions of ZIMMER (Exhibit 10 of Dkt. No. 287, e.g. Request for Admission 176, 177, 178.))

159.      That there is no genuine issue of material fact that S. ZIMMER, D. ZIMMER and D. M. ZIMMER (who are listed as managing members/ members of Complete Auctions, LLC (SAC ¶¶ 443 - 456, SAC Exhibits 85, 86 and the Certified Copy of Complete Auctions LLC corporate file from the Florida Secretary of State (Exhibit 19 of SJ))) were intentionally ignorant about financial activities in Complete Auctions while ZIMMER was running Complete Auctions LLC since ZIMMER states S. ZIMMER, D. ZIMMER and D. M. ZIMMER did not investigate the source of money that ZIMMER put into Complete Auctions while S. ZIMMER, D. ZIMMER and D. M. ZIMMER were MANAGING MEMBER, MEMBER or owner of Complete Auctions, (This follows from ZIMMER's responses (Exhibit 9 of Dkt. No. 287) to Plaintiffs' requests of admissions of ZIMMER (Exhibit 10 of Dkt. No. 287, e.g. Request for Admission 188, 189, 190.))

160.      That there is no genuine issue of material fact that S. ZIMMER, D. ZIMMER and D. M. ZIMMER (who are listed as managing members/

members of Complete Auctions, LLC (SAC ¶¶ 443 - 456, SAC Exhibits 85,

86 and the Certified Copy of Complete Auctions LLC corporate file from the

Florida Secretary of State (Exhibit 19 of SJ))) disregarded corporate

formalities in not investigating the source of money that ZIMMER put into

Complete Auction while ZIMMER was running Complete Auctions LLC

since ZIMMER states S. ZIMMER, D. ZIMMER and D. M. ZIMMER did not

investigate the source of money that ZIMMER put into Complete Auctions

while  S. ZIMMER, D. ZIMMER and D. M. ZIMMER were MANAGING

MEMBER, MEMBER or owner of Complete Auctions,  (This follows from

ZIMMER's responses (Exhibit 9 of Dkt. No. 287) to Plaintiffs' requests of

admissions of ZIMMER (Exhibit 10 of Dkt. No. 287, e.g. Request for Admission

188, 189, 190.))

161.      That there is no genuine issue of material fact that S. ZIMMER, D.

ZIMMER and D. M. ZIMMER (who are listed as managing members/

members of Complete Auctions, LLC (SAC ¶¶ 443 - 456, SAC Exhibits 85,

86 and the Certified Copy of Complete Auctions LLC corporate file from the

Florida Secretary of State (Exhibit 19 of SJ))) were intentionally ignorant

about financial activities in Complete Auctions while ZIMMER was running

Complete Auctions LLC since ZIMMER states S. ZIMMER, D. ZIMMER

and D. M. ZIMMER did not investigate into the fact that Complete Auctions,

LLC had money that came from Plaintiffs before the end of 2004 (i.e., the

money come from Plaintiffs before the end of 2004) while S. ZIMMER, D.

ZIMMER and D. M. ZIMMER were MANAGING MEMBER, MEMBER or

owner of Complete Auctions,  (This follows from ZIMMER's responses

(Exhibit 9 of Dkt. No. 287) to Plaintiffs' requests of admissions of ZIMMER

(Exhibit 10 of Dkt. No. 287, e.g. Request for Admission 191, 192, 193.))

162.     That there is no genuine issue of material fact that S. ZIMMER, D.

ZIMMER and D. M. ZIMMER (who are listed as managing members/

members of Complete Auctions, LLC (SAC ¶¶ 443 - 456, SAC Exhibits 85,

86 and the Certified Copy of Complete Auctions LLC corporate file from the

Florida Secretary of State (Exhibit 19 of SJ))) disregarded corporate

formalities in not investigating into the fact that Complete Auctions, LLC had

money that came from Plaintiffs before the end of 2004 (i.e., the money come

from Plaintiffs before the end of 2004) while ZIMMER was running

Complete Auctions LLC since ZIMMER states S. ZIMMER, D. ZIMMER

and D. M. ZIMMER did not investigate into the fact that Complete Auctions,

LLC had money that came from Plaintiffs before the end of 2004 (i.e., the

money come from Plaintiffs before the end of 2004) while S. ZIMMER, D.

ZIMMER and D. M. ZIMMER were MANAGING MEMBER, MEMBER or

owner of Complete Auctions,  (This follows from ZIMMER's responses

(Exhibit 9 of Dkt. No. 287) to Plaintiffs' requests of admissions of ZIMMER

(Exhibit 10 of Dkt. No. 287, e.g. Request for Admission 191, 192, 193.))

163.     That there is no genuine issue of material fact that ZIMMER admits

that S. ZIMMER, D. ZIMMER and D. M. ZIMMER (who are listed as

managing members/ members of Complete Auctions, LLC (SAC ¶¶ 443 -

456, SAC Exhibits 85, 86 and the Certified Copy of Complete Auctions LLC

corporate file from the Florida Secretary of State (Exhibit 19 of SJ)) were
intentionally ignorant about the managing of Complete Auctions because
ZIMMER admits that S. ZIMMER, D. ZIMMER and D M. ZIMMER as a
MANAGING MEMBER, MEMBER or owners of Complete Auctions did not
have a working relationship with ZIMMER through which there was an
exchange of information between ZIMMER and S. ZIMMER, D. ZIMMER and
D. M. ZIMMER informing ZIMMER and S. ZIMMER, D. ZIMMER and D. M.
ZIMMER as a MANAGING MEMBER, MEMBER or owner of Complete
Auctions about the ongoing operations including, without limitation, sales,
profits, investments and finances of Complete Auctions, LLC. (This follows
from ZIMMER's responses (Exhibit 9 of Dkt. No. 287) to Plaintiffs' requests of
admissions of ZIMMER (Exhibit 10 of Dkt. No. 287, e.g. Requests for Admission
214, 215, 216.))

164.     That there is no genuine issue of material fact that ZIMMER admits
that S. ZIMMER, D. ZIMMER and D. M. ZIMMER (who are listed as
managing members/ members of Complete Auctions, LLC (SAC ¶¶ 443 -
456, SAC Exhibits 85, 86 and the Certified Copy of Complete Auctions LLC
corporate file from the Florida Secretary of State (Exhibit 19 of SJ)))
disregarded corporate formalities in managing Complete Auctions because
ZIMMER admits that S. ZIMMER, D. ZIMMER and D M. ZIMMER as a
MANAGING MEMBER, MEMBER or owners of Complete Auctions did not
have a working relationship with ZIMMER through which there was an
exchange of information between ZIMMER and S. ZIMMER, D. ZIMMER and

D. M. ZIMMER informing ZIMMER and S. ZIMMER, D. ZIMMER and D. M. ZIMMER as a MANAGING MEMBER, MEMBER or owner of Complete Auctions about the ongoing operations including, without limitation, sales, profits, investments and finances of Complete Auctions, LLC. (This follows from ZIMMER's responses (Exhibit 9 of Dkt. No. 287) to Plaintiffs' requests of admissions of ZIMMER (Exhibit 10 of Dkt. No. 287, e.g. Requests for Admission 214, 215, 216.) )

165.    That there is no genuine issue of material fact that ZIMMER admits that he disregarded corporate formalities in managing Complete Auctions because ZIMMER admits that he as a MANAGING MEMBER, MEMBER or owners of Complete Auctions did not inform S. ZIMMER, D. ZIMMER and D. M. ZIMMER as MANAGING MEMBERS, MEMBERS or owners of Complete Auctions collectively or individually in any combination about all financial transactions of Complete Auctions, LLC. (This follows from ZIMMER's responses (Exhibit 9 of Dkt. No. 287) to Plaintiffs' requests of admissions of ZIMMER (Exhibit 10 of Dkt. No. 287, e.g. Requests for Admission 226.) This follows from each of the Zimmer Defendants being managing members /members of Complete Auctions (SAC ¶¶ 443 - 456, SAC Exhibits 85, 86 and the Certified Copy of Complete Auctions LLC corporate file from the Florida Secretary of State (Exhibit 19 of SJ))

166.    That there is no genuine issue of material fact that ZIMMER admits that he disregarded corporate formalities in managing Complete Auctions because ZIMMER admits that he as a MANAGING MEMBER, MEMBER or owner of

Complete Auctions did not inform S. ZIMMER, D. ZIMMER and D. M.
ZIMMER as MANAGING MEMBERS, MEMBERS or owners of Complete
Auctions collectively or individually in any combination about all investors of
Complete Auctions, LLC. (This follows from ZIMMER's responses (Exhibit 9
of Dkt. No. 287) to Plaintiffs' requests of admissions of ZIMMER (Exhibit 10 of
Dkt. No. 287, e.g. Requests for Admission 227.) This follows from each of the
Zimmer Defendants being managing members /members of Complete
Auctions (SAC ¶¶ 443 - 456, SAC Exhibits 85, 86 and the Certified Copy of
Complete Auctions LLC corporate file from the Florida Secretary of State
(Exhibit 19 of SJ).)

167.     That there is no genuine issue of material fact that ZIMMER admits
that he disregarded corporate formalities in managing Complete Auctions because
ZIMMER admits that he as a MANAGING MEMBER, MEMBER or owner of
Complete Auctions did not inform S. ZIMMER, D. ZIMMER and D. M.
ZIMMER as MANAGING MEMBERS, MEMBERS or owners of Complete
Auctions collectively or individually in any combination about the origin all
money that he placed into Complete Auctions, LLC. (This follows from
ZIMMER's responses (Exhibit 9 of Dkt. No. 287) to Plaintiffs' requests of
admissions of ZIMMER (Exhibit 10 of Dkt. No. 287, e.g. Requests for Admission
228.) This follows from each of the Zimmer Defendants being managing
members /members of Complete Auctions (SAC ¶¶ 443 - 456, SAC Exhibits
85, 86 and the Certified Copy of Complete Auctions LLC corporate file from
the Florida Secretary of State (Exhibit 19 of SJ). )

168.      That there is no genuine issue of material fact that ZIMMER admits

that he disregarded corporate formalities in managing Complete Auctions because

ZIMMER admits that he as a MANAGING MEMBER, MEMBER or owner of

Complete Auctions did not inform S. ZIMMER, D. ZIMMER and D. M.

ZIMMER as MANAGING MEMBERS, MEMBERS or owners of Complete

Auctions collectively or individually in any combination about ZIMMER's

administration or management of Complete Auctions, LLC.  (This follows from

ZIMMER's responses (Exhibit 9 of Dkt. No. 287) to Plaintiffs' requests of

admissions of ZIMMER (Exhibit 10 of Dkt. No. 287, e.g. Requests for Admission

229.)  This follows from each of the Zimmer Defendants being managing

members /members of Complete Auctions (SAC ¶¶ 443 - 456, SAC Exhibits

85, 86 and the Certified Copy of Complete Auctions LLC corporate file from

the Florida Secretary of State (Exhibit 19 of SJ).)

169.      That there is no genuine issue of material fact that ZIMMER as a

MANAGING MEMBER, MEMBER or owner of Complete Auctions admits that

S. ZIMMER, D. ZIMMER and D. M. ZIMMER as MANAGING MEMBERS,

MEMBERS or owners of Complete Auctions collectively or individually in any

combination did not prepare a periodic accounting of the business of Complete

Auctions, LLC/ (This follows from ZIMMER's responses (Exhibit 9 of Dkt. No.

287) to Plaintiffs' requests of admissions of ZIMMER (Exhibit 10 of Dkt. No.

287, e.g. Requests for Admission 230.)  This follows from each of the Zimmer

Defendants being managing members /members of Complete Auctions (SAC

¶¶ 443 - 456, SAC Exhibits 85, 86 and the Certified Copy of Complete

Auctions LLC corporate file from the Florida Secretary of State (Exhibit 19 of SJ).)

170.     That there is no genuine issue of material fact that because ZIMMER as a MANAGING MEMBER, MEMBER or owner of Complete Auctions admits that S. ZIMMER, D. ZIMMER and D. M. ZIMMER as MANAGING MEMBERS, MEMBERS or owners of Complete Auctions collectively or individually in any combination did not prepare a periodic accounting of the business of Complete Auctions, LLC, S. ZIMMER, D. ZIMMER and D. M. ZIMMER were intentionally ignorant about the financial activities of Complete Auctions. (This follows from ZIMMER's responses (Exhibit 9 of Dkt. No. 287) to Plaintiffs' requests of admissions of ZIMMER (Exhibit 10 of Dkt. No. 287, e.g. Requests for Admission 230.)  This follows from each of the Zimmer Defendants being managing members /members of Complete Auctions (SAC ¶¶ 443 - 456, SAC Exhibits 85, 86 and the Certified Copy of Complete Auctions LLC corporate file from the Florida Secretary of State (Exhibit 19 of SJ).)

171.     That there is no genuine issue of material fact that ZIMMER as a MANAGING MEMBER, MEMBER or owner of Complete Auctions admits that S. ZIMMER, D. ZIMMER and D. M. ZIMMER as MANAGING MEMBERS, MEMBERS or owners of Complete Auctions collectively or individually in any combination did not sign a periodic accounting a periodic accounting of the business of Complete Auctions, LLC/ (This follows from ZIMMER's responses (Exhibit 9 of Dkt. No. 287) to Plaintiffs' requests of admissions of ZIMMER

(Exhibit 10 of Dkt. No. 287, e.g. Requests for Admission 232.)  This follows from each of the Zimmer Defendants being managing members /members of Complete Auctions (SAC ¶¶ 443 - 456, SAC Exhibits 85, 86 and the Certified Copy of Complete Auctions LLC corporate file from the Florida Secretary of State (Exhibit 19 of SJ))

172.     That there is no genuine issue of material fact that because ZIMMER as a MANAGING MEMBER, MEMBER as MANAGING MEMBERS, MEMBERS or owners of Complete Auctions or owner of Complete Auctions admits that S. ZIMMER, D. ZIMMER and D. M. ZIMMER collectively or individually in any combination did not sign a periodic accounting of the business activities of Complete Auctions, LLC, S. ZIMMER, D. ZIMMER and D. M. ZIMMER were intentionally ignorant about the financial activities of Complete Auctions.  (This follows from ZIMMER's responses (Exhibit 9 of Dkt. No. 287) to Plaintiffs' requests of admissions of ZIMMER (Exhibit 10 of Dkt. No. 287, e.g. Requests for Admission 232.)  This follows from each of the Zimmer Defendants being managing members /members of Complete Auctions (SAC ¶¶ 443 - 456, SAC Exhibits 85, 86 and the Certified Copy of Complete Auctions LLC corporate file from the Florida Secretary of State (Exhibit 19 of SJ).)

173.     That there is no genuine issue of material fact that ZIMMER as a ˙ MANAGING MEMBER, MEMBER or owner of Complete Auctions admits that S. ZIMMER, D. ZIMMER and D. M. ZIMMER as MANAGING MEMBERS, MEMBERS or owners of Complete Auctions collectively or individually in any

combination as MANAGING MEMBERS, MEMBERS or owners of Complete
Auctions did not pay attention to the business of Complete Auctions, LLC. (This
follows from ZIMMER's responses (Exhibit 9 of Dkt. No. 287) to Plaintiffs'
requests of admissions of ZIMMER (Exhibit 10 of Dkt. No. 287, e.g. Requests for
Admission 241.) This follows from each of the Zimmer Defendants being
managing members /members of Complete Auctions (SAC ¶¶ 443 - 456, SAC
Exhibits 85, 86 and the Certified Copy of Complete Auctions LLC corporate
file from the Florida Secretary of State (Exhibit 19 of SJ).)

174.    That there is no genuine issue of material fact that ZIMMER admits
that there was no written statement (i.e. a contract, letter, email exchange, etc.)
that he prepared for Plaintiffs' signature (or other manifestations of agreement)
that corroborates ZIMMER's assertion that Plaintiffs agreed to invest money with
him  in Complete Auctions. (This follows from Zimmer's response (SJ Ex 17
(first part) ) to Plaintiffs' deposition of ZIMMER by Written Questions (Exhibit 8
of Dkt. No. 287) question 23.)

175.    That there is no genuine issue of material fact that ZIMMER as a
MANAGING MEMBER, MEMBER or owner of Complete Auctions admits that
S. ZIMMER, D. ZIMMER and D. M. ZIMMER as MANAGING
MEMBERS/MEMBERS or owners of Complete Auctions LLC delegate to
ZIMMER the role of managing Complete Auctions for ZIMMER to act for them
in their capacity as MANAGING MEMBERS/MEMBERS or owners of
Complete Auctions LLC. (This follows from Zimmer's response (Exhibit 17
(first part) of SJ) to Plaintiffs' deposition of ZIMMER by Written Questions

(Exhibit 8 of Dkt. No. 287) question 35.  This follows from each of the Zimmer

Defendants being managing members /members of Complete Auctions (SAC

¶¶ 443 - 456, SAC Exhibits 85, 86 and the Certified Copy of Complete

Auctions LLC corporate file from the Florida Secretary of State (Exhibit 19

of SJ))

176.     That there is no genuine issue of material fact that ZIMMER had

access to Complete Auctions Sun Trust Bank Accountsince ZIMMER had

signatory authority on Complete Auctions Sun Trust Account

10000172I5905 (see Exhibit 18 of SJ).

177.     That there is no genuine issue of material fact that S. ZIMMER had

access to Complete Auctions Sun Trust Bank Account since S. ZIMMER had

signatory authority on Complete Auctions Sun Trust Account

10000172I5905 (see Exhibit 18 of SJ).

178.     That there is no genuine issue of material fact that Complete Auctions,

LLC  was a sham (see, for example Plaintiffs' paper (Dkt. No. 75 or 76)

under heading EVIDENCE FOR WHY COMPLETE AUCTIONS IS A

SHAM at ¶¶ 86 to 107 of Dkt. No. 76 and  ¶¶ 72 to 93 of Dkt. No. 75 and the

Exhibits referred to therein.)

**¶¶ 179 to 430 intentionally left blank.**

**PART 7**
**DAMAGES**
**INTEREST**

431.        Interest on the on the $83, 625 ZIMMER admitted criminally stealing

from Plaintiffs under Option A or Option B in this paragraph:

Option A

(1)        Prejudgment interest at 8% compound interest from 07/01/2004

until judgment is entered herein on the $83, 625 Defendant David

Howard Zimmer admitted to criminally stealing from Plaintiffs in

his affidavit of confession of judgment before the New York City

Criminal Court adjusted by any applicable partial payments made

by Defendant David Howard Zimmer;

(2)        post judgment interest on the prejudgment judgment interest of

A(1) at 9% interest per annum under New York CPLR §§ 5003 and

5004 from the date of entry of the judgment for prejudgment

interest in this civil action;

(3)        post judgment interest at 9% interest per annum under New York

CPLR §§ 5003 and 5004 on the judgment amount of the NY

Judgment of $67, 850.00 (The NY Judgment is the Judgment of the

New York State Supreme Court New York County from entry of

ZIMMER's Affidavit of Confession of Judgment before the New

York City Criminal Court); and

(4)     the sum of the post judgment per annum interest of A(2) and A(3)
        to be paid until the sum of the total cumulative interest over time
        of the per annum post judgment interest of A(2) and A(3) and the
        NY Judgment of $67, 850.00 is paid in full.

Option B

(1)     Prejudgment interest at 9% per annum, pursuant to NY CPLR §§
        5001, 5002 and 5004, from 07/01/2004 until judgment is entered
        herein on the $83, 625 Defendant David Howard Zimmer admitted
        to criminally stealing from Plaintiffs in his affidavit of confession
        of judgment before the New York City Criminal Court adjusted by
        any applicable partial payments made by Defendant David Howard
        Zimmer;

(2)     post judgment interest on the prejudgment judgment interest of
        B(1) at 9% interest per annum under New York CPLR §§ 5003 and
        5004 from the date of entry of the judgment for prejudgment
        interest in this civil action;

(3)     post judgment interest at 9% interest per annum under New York
        CPLR §§ 5003 and 5004 on the judgment amount of the NY
        Judgment of $67, 850.00 (The NY Judgment is the Judgment of the
        New York State Supreme Court New York County from entry of
        ZIMMER's Affidavit of Confession of Judgment before the New
        York City Criminal Court); and

432.     the sum of the post judgment per annum interest of B(2) and B(3) to be paid until the sum of the total cumulative interest over time of the per annum post judgment interest of A(2) and A(3) and the NY Judgment of $67, 850.00 is paid in full.

**PART 8**
**DAMAGES**
**NY CLS Jud § 487 (2)**

433.      Judgment against ZIMMER, who admitted criminally stealing

Plaintiffs $83, 625 while working as Plaintiffs attorney, for treble damages

under New York State Statute NY CLS Jud § 487 (2) trebling the $83, 625

obtained by Defendant David Howard Zimmer from Plaintiffs by breach of

contract, breach of fiduciary duty, breach of fiduciary obligation, fraud,

conversion, and fraudulent misappropriation of funds for a total trebled

amount of $250, 875 less any partial payments made.

434.      Judgment against ZIMMER, who admitted criminally stealing

Plaintiffs $83, 625 while working as Plaintiffs attorney,  for treble damages

under New York State Statute NY CLS Jud § 487 (2) trebling the pre-

judgment interest for which judgment is granted in Part 7.

435.      Judgment against ZIMMER for post judgment interest under New

York CPLR §§ 5003 and 5004 at 9% per annum on the judgment granted

under this Part 8

State Penal Law Section 155.25. (This follows, inter alia, from SAC ¶¶ 407-410. 515, 519, 619- 669.)

439.    Judgment against ZIMMER finding Plaintiffs are entitled to punitive damages against ZIMMER for moral turpitude, while representing Plaintiffs as their attorney, in obtaining from Plaintiffs the $83,625 by breach of contract, breach of fiduciary duty, breach of fiduciary obligation, fraud, conversion, and fraudulent misappropriation of funds as evidenced by ZIMMER being arrested for grand larceny in the second degree (NY Penal Law § 155.40 a felony) under New York City Criminal Court Felony Complaint Docket Number 2009NY052227 to which ZIMMER to avoid trial thereon as part of a plea bargain plead guilty to NY State Penal Law Section 155.25. (This follows, inter alia, from SAC ¶¶ 407-410. 515, 519, 619- 669.)

440.    Judgment against ZIMMER finding reasonable Plaintiffs' claim for punitive damages based on the total amount of time Plaintiffs spent prior to filing the complaint in this action on trying to get ZIMMER to pay them the $83,825 obtained by breach of contract, breach of fiduciary duty, breach of fiduciary obligation, fraud, conversion, and fraudulent misappropriation of funds as evidenced by ZIMMER being arrested for grand larceny in the second degree (NY Penal Law § 155.40 a felony) under New York City Criminal Court Felony Complaint Docket Number 2009NY052227 to which ZIMMER to avoid trial thereon as part of a plea bargain plead guilty to NY State Penal Law Section 155.25. (This follows, inter alia, from SAC ¶¶ 407-410. 519, 515, 619- 669.)

441.     Judgment against Defendant David Howard Zimmer finding
reasonable Plaintiffs claim for punitive damages based on the total amount of
time of 500 hours Plaintiffs' spent prior to filing the complaint in this action
on trying to get ZIMMER to pay them the $83,825 obtained by breach of
contract, breach of fiduciary duty, breach of fiduciary obligation, fraud,
conversion, and fraudulent misappropriation of funds as evidenced by
ZIMMER being arrested for grand larceny in the second degree (NY Penal
Law § 155.40 a felony) under New York City Criminal Court Felony
Complaint Docket Number 2009NY052227 to which Defendant David
Howard Zimmer to avoid trial thereon as part of a plea bargain plead guilty to
NY State Penal Law Section 155.25.  (This follows, inter alia, from SAC ¶¶
407-410. 519, 515, 619- 669.)

442.     Judgment against ZIMMER finding reasonable Plaintiffs' claim for
punitive damages as calculated at SAC ¶¶ 500- 514 for ZIMMER admitting to
criminally stealing Plaintiffs $83, 625 while acting s their attorney.

443.     Judgment against ZIMMER for punitive damages in the amount of
$281,500 as calculated at SAC ¶¶ 500- 514.

444.     Judgment against ZIMMER for punitive damages in the amount of
$281,500 as calculated at SAC ¶¶ 500- 514 adjusted by the consumer price
index from the date of filing this civil action until filing this motion for $300,
019. (This follows from consumer price index (CPI) table at
ftp://ftp.bls.gov/pub/special.requests/cpi/cpiai.txt.  CPI for 05/2010 is 218.178.
CPI for 05/2010 is 232.531.  232.531/218.178 x $281, 500 = $300, 019.)

445.     Judgment against ZIMMER for post judgment interest under New

York CPLR §§ 5003 and 5004 at 9% per annum on the judgment granted

under this Part 10.

## PART 11
## DAMAGES
## COMPENSATORY DAMAGES FOR ATTORNEY MALPRACTICE

446.     Judgment against ZIMMER for compensatory damages finding

ZIMMER engaged in attorney malpractice, while representing Plaintiffs as

their attorney in not informing Plaintiffs of his change in email address,

telephone number and regular mailing address and for compensation to

Plaintiffs resulting from Plaintiffs' loss of time in tracking ZIMMER,

Plaintiffs' attorney, down after June 1, 2007 when ZIMMER did not respond

to Plaintiffs' attempts to contact ZIMMER at the email addresses, telephone

numbers and regular mailing addresses used by Plaintiffs to communicate

with ZIMMER as their attorney as provide by ZIMMER (This follows, inter

alia, from SAC ¶¶ 292 to 314, 331 to 339, 397 - 410, 459.)

447.     Judgment against ZIMMER finding reasonable Plaintiffs' claim for

damages as a result of ZIMMER's attorney malpractice based on the total

amount of time Plaintiffs spent prior to filing the complaint in this action on

trying to get ZIMMER to pay them the $83,825 obtained by breach of

contract, breach of fiduciary duty, breach of fiduciary obligation, fraud,

conversion, and fraudulent misappropriation of funds. (This follows, inter

alia, from SAC ¶¶ 407-410. 519, 515, 619- 669.)

448.     Judgment against ZIMMER finding reasonable Plaintiffs claim' for

damages as a result of ZIMMER's attorney malpractice based on the total amount of time of 500 hours Plaintiffs' spent prior to filing the complaint in this action on trying to get ZIMMER to pay them the $83,825 obtained by breach of contract, breach of fiduciary duty, breach of fiduciary obligation, fraud, conversion, and fraudulent misappropriation of funds  (This follows, inter alia, from SAC ¶¶ 407-410. 519, 515, 619- 669.)

449.    Judgment against ZIMMER finding reasonable Plaintiffs' claim for damages as a result of ZIMMER's attorney malpractice  as calculated at SAC ¶¶ 500- 514 for ZIMMER admitting to criminally stealing Plaintiffs $83, 625 while acting s their attorney.

450.    Judgment against ZIMMER for damages as a result of ZIMMER's attorney malpractice in the amount of $281,500 as calculated at SAC ¶¶ 500-514.

451.    Judgment against ZIMMER for damages as a result of ZIMMER's attorney malpractice in the amount of $281,500 as calculated at SAC ¶¶ 500-514 adjusted by the consumer price index from the date of filing this civil action until filing this motion for $300, 019.  (This follows from consumer price index (CPI) table at ftp://ftp.bls.gov/pub/special.requests/cpi/cpiai.txt. CPI for 05/2010 is 218.178.  CPI for 05/2010 is 232.531.  232.531/218.178 x $281, 500 = $300, 019.)

452.    Judgment against ZIMMER for post judgment interest under New York CPLR §§ 5003 and 5004 at 9% per annum on the judgment granted under this Part 11.

Respectfully submitted,


_____

Daniel P. Morris, Plaintiff, Pro se                    Dated: July 22, 2013
100 Old Lyme Road                                      Purchase, New York
Purchase, NY 10577
Telephone 914-945-3217



_____

Lucille Aiosa Morris, Plaintiff, Pro se                Dated: : July 22, 2013
100 Old Lyme Road                                      Purchase, New York
Purchase, NY 10577
Telephone 914-945-3217

Respectfully submitted,

Daniel P. Morris, Plaintiff, Pro se
100 Old Lyme Road
Purchase, NY 10577
Telephone 914-945-3217

Dated: July 22, 2013
Purchase, New York

Lucille Aiosa Morris, Plaintiff, Pro se
100 Old Lyme Road
Purchase, NY 10577
Telephone 914-945-3217

Dated: : July 22, 2013
Purchase, New York

## THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

DANIEL PETER MORRIS,  and
LUCILLE AIOSA MORRIS,
       Plaintiffs,

vs.

DAVID HOWARD ZIMMER
CHARLES L. WILKINSON, III
SHERRY ZIMMER,
DEBORA ZIMMER, and
DAVID M. ZIMMER
       Defendants

**Case No 10-cv-4146 (VB)(LMS)**

**AFFIRMATION OF SERVICE**

I, Daniel Peter Morris, declare under penalty of perjury that I have served a copy of the attached paper entitled "PLAINTIFFS' NOTICE OF MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT DAVID HOWARD ZIMMER UNDER FEDERAL RULE OF CIVIL PROCEDURE § 56" dated: July 22, 2013 on:

1. Charles L. Wilkinson, III whose address is 1058 Clussen Road Suite 108; Augusta, Georgia 30904;
2. David Howard Zimmer whose address is 96 Linwood Plaza Suite 208, Fort Lee, NJ 07024;
3. Sherry Zimmer whose address is 96 Linwood Plaza Suite 208, Fort Lee, NJ 07024;
4. Debora Zimmer whose address is 96 Linwood Plaza Suite 208, Fort Lee, NJ 07024;
5. David M. Zimmer whose address is 96 Linwood Plaza Suite 208, Fort Lee, NJ 07024;

by U.S. Postal First Class Mail on July 22, 2013.

    Daniel Peter Morris, Plaintiff, Pro se
    100 Old Lyme Road
    Purchase, NY 10577`

Dated: July 22, 2013
Purchase, New York
Telephone 914-945-3217