UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL PETER MORRIS <br><br> and <br><br> LUCILLE AIOSA MORRIS <br><br> Plaintiffs, <br><br> vs. <br><br> DAVID HOWARD ZIMMER <br><br> CHARLES L. WILKINSON, III <br><br> SHERRY ZIMMER <br><br> DEBORA ZIMMER <br><br> and <br><br> DAVID M. ZIMMER <br><br> Defendants. | 10 Civ. 4146 – Judge Briccetti <br><br> **NOTICE OF <br> DAVID H. ZIMMER'S <br> OPPOSITION TO <br> MOTION FOR SUMMARY JUDGMENT** |

**PLEASE TAKE NOTICE** that upon the annexed affirmation of David H. Zimmer on September 20, 2013, I notice submission of the attached Opposition to Motion for Judgment.

**I declare under penalty of perjury that the foregoing is true and correct.**

Dated: September 20, 2013

David H. Zimmer
96 Linwood Plaza; Suite 208
Fort Lee, New Jersey 07024
(917) 488-5377

RECEIVED SEP 23 2013 U.S.D.C.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANIEL PETER MORRIS

and

LUCILLE AIOSA MORRIS

    Plaintiffs,

vs.

DAVID HOWARD ZIMMER

CHARLES L. WILKINSON, III

SHERRY ZIMMER

DEBORA ZIMMER

and

DAVID M. ZIMMER

    Defendants.

10 Civ. 4146 – Judge Briccetti

**DAVID H. ZIMMER'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

## DEFENDANT DAVID H. ZIMMER'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

### INTRODUCTION & STATEMENT OF FACTS

    I thank the court for reading and applying what is submitted herein in the most favorable light as possible. In as much as my ability to earn has been greatly diminished by Plaintiff's, I am neither in a position to hire an attorney nor do I have the time to draft and submit anything better than what follows. Making a request for an extension would not alter this set of facts as over the next four to six months I do not have a day free to do

anything more than work to attempt to pay my current bills as best as possible.

## TIMELINE FROM MY PERSPECTIVE

The basis of my argument is laches augmented by a licensed member of the New York State Bar who did anything other than play by the rules. Morris readily submitted information to any jurisdictions that would give him the time of day. Where to Morris' benefit less than complete information was submitted. In other instances he outright lied. Some of these situations are discussed within the body of this timeline and one particular instance of an outright lie is found at the end.

In May of 2004 Morris agreed to invest in CompleteAutions after a successful resolution of his arbitration case. In September of 2004, citing that his wife would not let him make the investment he reneged. Morris at that time knew that we were planning a personal bankruptcy. In a telephone conversation Morris recited Florida law that left him in a bad position and started to seek the creation of a trust. He also instructed me to state that the money in my possession was a loan to CompleteAuctions, a corporation owned by my children so as to avoid being part of the bankruptcy action.

The only asset in my possession at the time was the Georgia case. At the time there were settlement offers on the table that could have satisfied Morris thus we entered into a settlement that he would receive $72,000 plus interest from the proceeds of this matter. Please note that Morris told me he did not trust me and asked for information as to Wilkinson's telephone number that was promptly provided. Morris has admitted that he never contacted Wilkinson instead relying upon Pacer to follow the Georgia case. It is interesting to note that despite the Georgia case settlement being the basis of the Morris

case his answer to my deposition question #24 denied he entered into any settlement. (*See Exhibit 1*). It is this type of interaction that filled the years with Morris. Please note that Morris could have filed this action when he first discovered my actions but he did not.

I next remember being contacted by the Maryland Bar. Morris filed a grievance initiating my being disbarred for depositing a check into something other than an escrow account. Morris could have filed an action against me at this time but did not. He had other plans.

I then remember receiving a letter from the NASDR that provided a class action settlement for Morris that augmented his prior received award. I submitted the papers to Morris who instructed me to sign the document as his counsel despite the fact that I had been disbarred. Shortly thereafter in April of 2009 I received notice that I was subject to a criminal action. So in summary, almost five years after the action that encompasses this action, Morris secured my disbarment and had criminal charges brought against me. You think he had a plan, I did? What didn't and still makes no sense to me is that Morris crippled my ability to earn money and as such I had and still have no way to earn money.

Morris attended more hearings in the criminal courts than I did. He failed to send to the District Attorney information that would have reduced the amount owed to him by $12,500. If you remember, when Morris was afraid that IBM would become involved in this matter he offered to take this same $12,500 off of the amount owed. Do you think he had something to hide, I do but this honorable court quashed my subpoena to obtain IBM held information.

In any case, the judgment that I signed in the criminal court was for an amount greater than what I owed Morris. It was signed with a universal understanding that this

was for a full and complete amount due and payable to Morris but immediately thereafter Morris sued my daughter Stephanie in New York State Court and amended his complaint in this court.

In the criminal court and at one of the first hearings before Judge Karas late in 2010 I was informed that the judgment rate of interest would apply. Undoubtedly Morris has continued to stall and delay this matter as he seeks a greater amount of interest. That is erroneous.

There were other agreements made by Morris that he altered but it is the attached that tells the story of who Morris is. On April 26, 2013 I received a letter and copy of a filing made to the Client Protection Fund of the Maryland Bar providing me with a copy of what Morris submitted. (*See Exhibit 2*). There is no better evidence that Morris alters the facts of what transpired over the many years depending upon whom he is submitting information to. In this filing he states that he first learned of the loss about the time the grievance was filed in 2008. Really, 2008 is the first time Morris discovered the loss? It's just like when he did not submit information to the criminal court that would have lessened the amount he was owed and this guy is an attorney.

What I owe Morris is attached. (*See Exhibit 3*).

## ARGUMENT

The equitable doctrine of laches, which serves a similar purpose as statutes of limitations, plays an important role in our legal system. The Supreme Court has repeatedly stated that the laches doctrine is critical to the fair and efficient administration of justice. <u>Order of R. R. Telegraphers v. Railway Express Agency, Inc.</u>, 321 U.S. 342, 348-49 (1944); *see also* <u>Galliher v. Caldwell</u>, 145 U.S. 368, 371-72 (1892). The delay

must be shown to be unreasonable and must have worked to the disadvantage, injury or prejudice of the person seeking to invoke the doctrine of laches.

For years Morris could have brought the claim he did before this court but did not. Instead he basically neutered me, created an environment where I could not earn a living. He could have brought a claim when he first discovered the facts in 2004 but he knew that he would get nothing from the bankruptcy court. He could have brought a claim in 2008 when he went to the Maryland Bar but he did not. He could have brought a claim before he sought criminal charges against me but he had a plan.

To award Morris anything against me other than what is attached is wrong. Don't award anything more to this New York State licensed attorney for his plan that abridged the Canons of Ethics.

## CONCLUSION & PRAYER FOR RELIEF

Wherefore David H. Zimmer humbly requests that this court deny this motion for summary judgment.

**I declare under penalty of perjury that the foregoing is true and correct.**

Dated: September 20, 2013

David H. Zimmer
96 Linwood Plaza; Suite 208
Fort Lee, New Jersey 07024
(917) 488-5377

**EXHIBIT 1**

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL PETER MORRIS, and<br>LUCILLE ALOSA MORRIS,<br><br>　　Plaintiffs,<br><br>-against-<br><br>DAVID HOWARD ZIMMER,<br>CHARLES L. WILKINSON, III<br>SHERRY ZIMMER, DEBORAH ZIMMER, and<br>DAVID M. ZIMMER,<br><br>　　Defendants, | )<br>)<br>)<br>)<br>) CIVIL ACTION FILE<br>)<br>)<br>)<br>) NO.   10-CV-4146 (VB)(LMS)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF DANIEL PETER MORRIS' ANSWER TO

## DEFENDANT DAVID HOWARD ZIMMER'S

## RULE 31 DEPOSITION OF PLAINTIFF BY WRITTEN QUESTIONS

NOW COMES Plaintiffs Daniel Peter Morris to give his answers to questions of DAVID HOWARD ZIMMER, a defendant in the above-styled case, pursuant to Rule 31 of the FRCP who deposes him by written questions, as follows:

### Preliminary Note

As used in these questions, the following terms apply:

"MR. MORRIS" refers to Plaintiff Daniel Peter Morris.

"ZIMMER" refers to David Howaard Zimmer.

"Georgia Matter" or "Georgia Case" refers to the case of John Armstrong, et *al* v. Durango Georgia Paper Company, in the Southern District of Georgia.   Further identification is not necessary since it has been repeatedly referred to by Plaintiffs in their various pleadings.

"WILKINSON" refers to Charles L. Wilkinson, III.

"MSDW" means Morgan Stanley Dean Witter or Morgan Stanley D.W.

"SAC" refers to Plaintiffs' Second Amended Complaint.

- 1 -

I object to this question as being immaterial and not relevant to any claims I have in the Second Amended Complaint against ZIMMER and as being immaterial and not relevant to any defense that ZIMMER has to those claims. The request is not reasonably calculated to lead to the discovery of admissible evidence. Footnote 1 on page 11 of Judge Briccetti's Decision (Dkt.. # 99) states. "Zimmer is collaterally estopped from arguing that he did not steal $83,625.00 from plaintiffs and use that money for his own purposes, or that the New York criminal plea and sentence were procured through illicit or fraudulent means." I object to this question since it appears to be directed to what ZIMMER is collaterally estopped from arguing. Footnote 1 on page 11 of Judge Briccetti's Decision (Dkt.. # 99) states. "Zimmer is collaterally estopped from arguing that he did not steal $83,625.00 from plaintiffs and use that money for his own purposes, or that the New York criminal plea and sentence were procured through illicit or fraudulent means." I object to this question since it appears to be directed to what ZIMMER is collaterally estopped from arguing.

**Answer to Question 23**
Subject to the above objection, the answer to Question Number 23 is as follows.
As stated in SAC ¶ 384."MR. MORRIS never contacted WILKINSON since MORRIS had no reason to since it was ZIMMER's obligation to pay MORRIS what he owed them."

**Question 24.** Outside of the scope of your obtaining a settlement within the confines of the Georgia Case do you have anything countersigned by Zimmer in your possession that relates to settlement outside of the Georgia Case?

**Objection to Question 24**
I object to this question as being immaterial and not relevant to any claims I have in the Second Amended Complaint against ZIMMER and as being immaterial and not relevant to any defense that ZIMMER has to those claims. The request is not reasonably calculated to lead to the discovery of admissible evidence. Footnote 1 on page 11 of Judge Briccetti's Decision (Dkt.. # 99) states. "Zimmer is collaterally estopped from arguing that he did not steal $83,625.00 from plaintiffs and use that money for his own purposes, or that the New York criminal plea and sentence were procured through illicit or fraudulent means." I object to this question since it appears to be directed to what ZIMMER is collaterally estopped from arguing. Footnote 1 on page 11 of Judge Briccetti's Decision (Dkt.. # 99) states. "Zimmer is collaterally estopped from arguing that he did not steal $83,625.00 from plaintiffs and use that money for his own purposes, or that the New York criminal plea and sentence were procured through illicit or fraudulent means." I object to this question since it appears to be directed to what ZIMMER is collaterally estopped from arguing.

**Answer to Question 24**
Subject to the above objection, the answer to Question Number 24 is as follows.
I did not agree to any settlement of the matters at issue in the present civil action either within the confines of the Georgia Case or outside the confines of the Georgia Case.

**EXHIBIT 2**

# CLIENT PROTECTION FUND
# OF THE BAR OF MARYLAND

BARBARA ANN SPICER, CHAIR
SUITE 902
9515 DEERECO ROAD
TIMONIUM, MARYLAND 21093

DOUGLAS M. BREGMAN, TREASURER
800 W
7315 WISCONSIN AVENUE
BETHESDA, MARYLAND 20814-3202

JAMES W. ALMAND, SECRETARY
5200 B. COASTAL HIGHWAY
OCEAN CITY, MARYLAND 21842-3117

THEODORE W. BEAULIEU
12 FOREST DRIVE
LA VALE, MARYLAND 21502

CECELIA ANN KELLER
PO BOX 1010
WALDORF, MARYLAND 20604-1010

WILLIAM A MEYERS
[address illegible]

PATRICK A. ROBERSON
SUITE 1500
201 NORTH CHARLES STREET
BALTIMORE, MARYLAND 21201

LEONARD H. SHAPIRO
OWINGS CENTER, SUITE 203
10220 SOUTH DOLFIELD ROAD
OWINGS MILLS, MARYLAND 21117-3699

DONNA HILL STATON
13927 LAKESIDE DRIVE
CLARKSVILLE, MARYLAND 21029

JANET C. MOSS
EXECUTIVE DIRECTOR

April 26, 2013

**PRIVATE AND CONFIDENTIAL**
David H. Zimmer
96 Linwood Plaza, Suite 208
Fort Lee, NJ   07024

RE:   Claim No.   2670
      Claimant:   Daniel P. Morris
      Attorney:   David H. Zimmer

Dear Mr. Zimmer:

We have received a claim filed by Daniel P. Morris a copy of which is enclosed. The Trustees will be addressing this claim at an upcoming meeting.   In an effort to expedite this matter, and assist the Trustees in their decision process, we would appreciate a response from you, in writing, within two (2) weeks of the date of this letter.

If you commence a bankruptcy proceeding (or similar state court proceeding), in order to protect yourself and to ensure that any discharge you receive applies to the claim(s) Daniel P. Morris, you are herewith notified that you should additionally list the Client Protection Fund, at the below address, as a creditor.

Failure to respond to this request in the allotted time will constitute a waiver of any further notice of any development in this matter.   Any amount awarded to the above-stated Claimant must be repaid to the Fund, by you, as a condition precedent to readmission to good standing with the Court of Appeals.   It is also important for you that you notify the Fund of any change of address.

If you have any questions feel free to contact me at the below stated address or telephone number.

Very truly yours,

*Janet Moss /m*

Janet C. Moss
Executive Director

JCM/mem
Enclosure

2011 COMMERCE PARK DRIVE, ANNAPOLIS, MD 21401, 410-260-3635, FAX: 410-260-3636

**You MUST answer every question.**

1) Name of Claimant: Daniel Peter Morris & Lucille Aiosa Morrris

   Address: 100 Old Lyme Road

   City: Purchase     State: NY     Zip Code: 10577

   Home Telephone Number: 914-949-1657

   Occupation: Patent Attorney/ Adjunct Professor

   Employer: IBM/ Westchester Community College SUNY

   Work Telephone Number: 914-766-0093

   Email Address: daniel_p_morris@yahoo.com

   Date of Birth: 11/04/1949 & 06/25/1945

2) Name and Address of Attorney who you claim took your money or property.

   David Howard Zimmer
   Current Business Address 96 Linwood Plaza Suite 208, Fort Lee, NJ 07024
   Current Residence Address 650 Bloomfield Avenue, Verona, NJ 07044

3) What services was this Attorney to provide for you? Give details! Add an additional page to give details.
   Zimmer represented us in an NASD Arbitration Proceeding. See attached page.

4) How much did you pay this Attorney? (*You must provide a receipt or cancelled check)
   $8500. See attached page.

5) Did you sign a written fee agreement. Please provide a copy. If not, please explain in detail what your verbal agreement was. ie; flat fee, hourly rate, etc.
   No. This was done by email exchange. See attached page.

6) State the amount of your loss $ 83,625
   Did this loss involve: money [✓]     securities [ ]     property [ ]     ?

7) When did the loss occur?
   Prior to 08/01/2004 Mr. Zimmer stole the $83,625 from us. See attached page.

8) When did you discover the loss and how did you discover the loss?
   About the time Grievance File No. 2008-0-59 was filed. See attached page.

9) Describe how the Attorney stole your money or property from you. Please give details.
   See attached page.

See our civil action against Mr. Zimmer filed in the United States District Court for the Southern District of New York under civil action number 10-cv-4146 attached hereto as the Second Amended Complaint (Exhibit 9) which refers to many exhibits attached thereto (which are provided herein on the attached CD.) See Second Amended Complaint ¶¶ 157 - 187 and the exhibits referred to. Also, see our Complaint against Mr. Zimmer Grievance File No. 2008-0-59 which was later assigned Docket No. 2008-182-00-8 by the Attorney Grievance Commission of the Maryland.

## ANSWER TO QUESTION 8 CONTINUED

See our civil action against Mr. Zimmer filed in the United States District Court for the Southern District of New York under civil action number 10-cv-4146 attached hereto as the Second Amended Complaint (Exhibit 9) which refers to many exhibits attached thereto (which are provided herein on the attached CD.) See Second Amended Complaint ¶¶ 157 - 187 and the exhibits referred to. Also, see our Complaint against Mr. Zimmer Grievance File No. 2008-0-59 which was later assigned Docket No. 2008-182-00-8 by the Attorney Grievance Commission of the Maryland.

## ANSWER TO QUESTION 9 CONTINUED

See our civil action against Mr. Zimmer filed in the United States District Court for the Southern District of New York under civil action number 10-cv-4146 attached hereto as the Second Amended Complaint (Exhibit 9) which refers to many exhibits attached thereto (which are provided herein on the attached CD.) See Second Amended Complaint ¶¶ 157 - 187 and the exhibits referred to. Also, see our Complaint against Mr. Zimmer Grievance File No. 2008-0-59 which was later assigned Docket No. 2008-182-00-8 by the Attorney Grievance Commission of the Maryland. In summary Mr. Zimmer received settlement checks for $78,000 and $4,000 made out to David H. Zimmer as attorney for Daniel and Lucille Morris which were owed to Mr. and Mrs. Morris. He deposited these checks into his bank account, but told Mr. Morris that he had not received the checks and refused to pay Mr. and Mrs. Morris the money he owed them. Also, Mr. Zimmer deposited into his bank account a check for $1,125 made payable to Daniel and Lucille Morris C/O David H. Zimmer See Second Amended Complaint ¶¶ 274 - 281 and the exhibits referred to. This was a refund check from the NASD because there was no arbitration hearing. Mr. Zimmer never told Mr. and Mrs. Morris that he received the refund check. Mr. Zimmer was given a check for $450 for a pre-arbitration hearing in the NASD Matter that did not occur (see Exhibit 9 Second Amended Complaint, e.g. ¶¶ 32, 35, 38) and was paid $50 in excess (see Exhibit 9 Second Amended Complaint, e.g. ¶¶ 39, 261-270.)

The total amount Mr. Zimmer owes Morris is $83,625 (= $78,000 + $4,000+$1,125 +$450 + $50, see Second Amended Complaint, e.g. ¶ 40.) Mr. Zimmer was paid a total of $8,500 for his services (see Exhibit 9 Second Amended Complaint, e.g. ¶¶ 79, 80, 83 84, 85, 88, 89, 91, 93 to 97, 100 to 107, 109 and the exhibits of the Second Amended Complaint (Exhibit 9.)

**EXHIBIT 3**

**Final Settlement Offer**
**Credits $12,500 From Confess**
**Current Offer Amount - $55,0(**

| Adjusted Judgment | Date | Judgment Rate |
|---|---|---|
| $ 64,625.00 | 11/19/10 | 0.27% |
| $ 64,628.35 | 11/26/10 | 0.27% |
| $ 64,631.69 | 12/3/10 | 0.28% |
| $ 64,635.16 | 12/10/10 | 0.29% |
| $ 64,638.76 | 12/17/10 | 0.30% |
| $ 64,642.48 | 12/24/10 | 0.30% |
| $ 64,646.20 | 12/31/10 | 0.30% |
| $ 64,649.92 | 1/7/11 | 0.29% |
| $ 64,653.51 | 1/14/11 | 0.27% |
| $ 64,656.86 | 1/21/11 | 0.27% |
| $ 64,660.21 | 1/28/11 | 0.26% |
| $ 64,663.43 | 2/4/11 | 0.28% |
| $ 64,666.90 | 2/11/11 | 0.30% |
| $ 64,670.62 | 2/18/11 | 0.29% |
| $ 64,674.22 | 2/25/11 | 0.27% |
| $ 64,677.57 | 3/4/11 | 0.26% |
| $ 64,680.79 | 3/11/11 | 0.25% |
| $ 64,683.90 | 3/18/11 | 0.23% |
| $ 64,686.75 | 3/25/11 | 0.26% |
| $ 64,689.97 | 4/1/11 | 0.30% |
| $ 64,693.70 | 4/8/11 | 0.27% |
| $ 64,697.05 | 4/15/11 | 0.24% |
| $ 64,700.02 | 4/22/11 | 0.24% |
| $ 64,703.00 | 4/29/11 | 0.22% |
| $ 64,705.73 | 5/6/11 | 0.20% |
| $ 64,708.21 | 5/13/11 | 0.18% |
| $ 64,710.45 | 5/20/11 | 0.19% |
| $ 64,712.81 | 5/27/11 | 0.19% |
| $ 64,715.16 | 6/3/11 | 0.18% |
| $ 64,717.40 | 6/10/11 | 0.18% |
| $ 64,719.63 | 6/17/11 | 0.18% |
| $ 64,721.87 | 6/24/11 | 0.17% |
| $ 64,723.98 | 7/1/11 | 0.19% |
| $ 64,726.33 | 7/8/11 | 0.19% |
| $ 64,728.69 | 7/15/11 | 0.16% |
| $ 64,730.68 | 7/22/11 | 0.18% |
| $ 64,732.91 | 7/29/11 | 0.21% |
| $ 64,735.52 | 8/5/11 | 0.16% |
| $ 64,737.51 | 8/12/11 | 0.11% |
| $ 64,738.87 | 8/19/11 | 0.11% |
| $ 64,740.24 | 8/26/11 | 0.10% |
| $ 64,741.48 | 9/2/11 | 0.10% |
| $ 64,742.72 | 9/9/11 | 0.12% |

**Final Settlement Offer**
**Credits $12,500 From Confessed Judgme**
**Current Offer Amount - $55,000 & We're**

| Adjusted Judgment | Date | Judgment Rate | |
|---|---|---|---|
| $ 64,744.21 | 9/16/11 | 0.10% | |
| $ 64,745.45 | 9/23/11 | 0.10% | |
| $ 64,746.70 | 9/30/11 | 0.11% | |
| $ 64,748.06 | 10/7/11 | 0.11% | |
| $ 64,749.43 | 10/14/11 | 0.11% | |
| $ 64,750.79 | 10/21/11 | 0.12% | |
| $ 64,752.28 | 10/28/11 | 0.12% | |
| $ 64,753.77 | 11/4/11 | 0.12% | |
| $ 64,755.26 | 11/11/11 | 0.10% | |
| $ 64,756.51 | 11/18/11 | 0.11% | |
| $ 64,757.87 | 11/25/11 | 0.12% | |
| $ 64,759.36 | 12/2/11 | 0.13% | |
| $ 64,760.98 | 12/9/11 | 0.11% | |
| $ 64,762.34 | 12/16/11 | 0.11% | |
| $ 64,763.71 | 12/23/11 | 0.12% | |
| $ 64,765.20 | 12/30/11 | 0.12% | |
| $ 64,766.69 | 1/6/12 | 0.12% | |
| $ 64,768.18 | 1/13/12 | 0.11% | |
| $ 64,769.55 | 1/20/12 | 0.11% | |
| $ 64,770.91 | 1/27/12 | 0.12% | |
| $ 64,772.40 | 2/3/12 | 0.13% | |
| $ 64,774.02 | 2/9/12 | 0.15% | |
| $ 54,775.88 | 2/17/12 | 0.17% | Paid $10,000 |
| $ 54,777.67 | 2/24/12 | 0.17% | |
| $ 54,779.45 | 3/2/12 | 0.18% | |
| $ 54,781.34 | 3/9/12 | 0.18% | |
| $ 54,783.24 | 3/16/12 | 0.20% | |
| $ 54,785.34 | 3/23/12 | 0.20% | |
| $ 54,787.44 | 3/30/12 | 0.18% | |
| $ 54,789.33 | 4/6/12 | 0.19% | |
| $ 54,791.33 | 4/13/12 | 0.18% | |
| $ 54,793.22 | 4/20/12 | 0.18% | |
| $ 54,795.11 | 4/27/12 | 0.18% | |
| $ 54,797.00 | 5/4/12 | 0.19% | |
| $ 54,799.00 | 5/11/12 | 0.18% | |
| $ 54,800.89 | 5/18/12 | 0.20% | |
| $ 54,802.99 | 5/25/12 | 0.21% | |
| $ 54,805.20 | 6/1/12 | 0.19% | |
| $ 54,807.19 | 6/8/12 | 0.18% | |
| $ 54,809.09 | 6/15/12 | 0.18% | |
| $ 54,810.98 | 6/22/12 | 0.19% | |
| $ 54,812.98 | 6/29/12 | 0.21% | |
| $ 54,815.18 | 7/6/12 | 0.20% | |
| $ 54,817.29 | 7/13/12 | 0.20% | |
| $ 54,819.39 | 7/20/12 | 0.18% | |
| $ 54,821.28 | 7/27/12 | 0.17% | |
| $ 54,823.07 | 8/3/12 | 0.17% | |

**Final Settlement Offer**
**Credits $12,500 From Confe**
**Current Offer Amount – $55**

| Adjusted Judgment | Date | Judgment Rate |
|---|---|---|
| $ 54,824.86 | 8/10/12 | 0.18% |
| $ 54,826.75 | 8/17/12 | 0.19% |
| $ 54,828.75 | 8/24/12 | 0.19% |
| $ 54,830.74 | 8/31/12 | 0.17% |
| $ 54,832.53 | 9/7/12 | 0.17% |
| $ 54,834.32 | 9/14/12 | 0.18% |
| $ 54,836.21 | 9/21/12 | 0.18% |
| $ 54,838.11 | 9/28/12 | 0.17% |
| $ 54,839.89 | 10/5/12 | 0.17% |
| $ 54,841.68 | 10/12/12 | 0.18% |
| $ 54,843.57 | 10/19/12 | 0.18% |
| $ 54,845.47 | 10/26/12 | 0.19% |
| $ 54,847.47 | 11/2/12 | 0.18% |
| $ 54,849.36 | 11/9/12 | 0.19% |
| $ 54,851.36 | 11/16/12 | 0.17% |
| $ 54,853.15 | 11/23/12 | 0.17% |
| $ 54,854.93 | 11/30/12 | 0.18% |
| $ 54,856.83 | 12/7/12 | 0.18% |
| $ 54,858.72 | 12/14/12 | 0.15% |
| $ 54,860.30 | 12/21/12 | 0.15% |
| $ 54,861.88 | 12/28/12 | 0.16% |
| $ 54,863.56 | 1/4/13 | 0.15% |
| $ 54,865.14 | 1/11/13 | 0.14% |
| $ 54,866.61 | 1/18/13 | 0.14% |
| $ 54,868.09 | 1/25/13 | 0.15% |
| $ 54,869.66 | 2/1/13 | 0.15% |
| $ 54,871.24 | 2/8/13 | 0.15% |
| $ 54,872.82 | 2/15/13 | 0.15% |
| $ 54,874.40 | 2/22/13 | 0.17% |
| $ 54,876.19 | 3/1/13 | 0.17% |
| $ 54,877.98 | 3/8/13 | 0.15% |
| $ 54,879.56 | 3/15/13 | 0.15% |
| $ 54,881.14 | 3/22/13 | 0.15% |
| $ 54,882.71 | 3/29/13 | 0.14% |
| $ 54,884.19 | 4/5/13 | 0.13% |
| $ 54,885.56 | 4/12/13 | 0.12% |
| $ 54,886.82 | 4/19/13 | 0.12% |
| $ 54,888.08 | 4/26/13 | 0.12% |
| $ 54,889.35 | 5/3/13 | 0.11% |
| $ 54,890.50 | 5/10/13 | 0.11% |
| $ 54,891.66 | 5/17/13 | 0.12% |
| $ 54,892.92 | 5/24/13 | 0.12% |
| $ 54,894.19 | 5/31/13 | 0.14% |

**Final Settlement Offer**
**Credits $12,500 From Confe**
**Current Offer Amount - $55**

| Adjusted Judgment | Date | Judgment Rate |
|---|---|---|
| $ 54,895.66 | 6/7/13 | 0.14% |
| $ 54,897.14 | 6/14/13 | 0.14% |
| $ 54,898.61 | 6/21/13 | 0.13% |
| $ 54,899.98 | 6/28/13 | 0.16% |
| $ 54,901.66 | 7/5/13 | 0.15% |
| $ 54,903.24 | 7/12/13 | 0.13% |
| $ 54,904.61 | 7/19/13 | 0.11% |
| $ 54,905.77 | 7/26/13 | 0.11% |
| $ 54,906.93 | 8/2/13 | 0.11% |
| $ 54,908.09 | 8/9/13 | 0.12% |
| $ 54,909.35 | 8/16/13 | 0.12% |
| $ 54,910.61 | 8/23/13 | 0.14% |
| $ 54,912.09 | 8/30/13 | 0.13% |
| $ 54,913.46 | 9/6/13 | 0.15% |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL PETER MORRIS | |
| and | |
| LUCILLE AIOSA MORRIS | 10 Civ. 4146 – Judge Briccetti |
| Plaintiffs, | |
| vs. | **AFFIRMATION OF** |
| | **DAVID H. ZIMMER'S** |
| DAVID HOWARD ZIMMER | **OPPOSITION TO** |
| CHARLES L. WILKINSON, III | **MOTION FOR SUMMARY JUDGMENT** |
| SHERRY ZIMMER | |
| DEBORA ZIMMER | |
| and | |
| DAVID M. ZIMMER | |
| Defendants. | |

**PLEASE TAKE NOTICE** that I declare under penalty of perjury that we have served a copy of the attached Motion Opposing Summary Judgment upon Daniel Peter Morris and Lucille Aiosa Morris at 100 Old Lyme Road, Purchase, New York 10577 and Les Wilkinson, 1058 Claussen Road, Suite 108, Augusta, Georgia 30907 by U.S. Postal First Class Mail.

**I declare under penalty of perjury that the foregoing is true and correct.**

Dated: September 20, 2013

David H. Zimmer
96 Linwood Plaza; Suite 208
Fort Lee, New Jersey 07024
(917) 488-5377

**Sherry M. Zimmer**
96 Linwood Plaza; Suite 208
Fort Lee, New Jersey 07024
(201) 982-2339
szimmer0110@hotmail.com

September 20, 2013

Honorable Lisa Margaret Smith
United States Magistrate Judge
300 Quarropas Street
White Plains, New York 10601-4150

RE:  Case No 10-CV-4146 - Morris v. Zimmer

Judge Smith,

Thank you for taking the time to read this correspondence.  In behalf of my children and myself we stand upon the merits of our Motion for Summary Judgment.

We knew of nothing in this matter until well after the facts alleged by Morris.

Upon granting of our Motion for Summary Judgment we humbly request that you inform the New York Court system to dismiss the matter against Stephanie Zimmer.

Thank you for the time and effort you have put into this matter.

Very truly yours,

Sherry M. Zimmer

cc:   Dan Morris
      Les Wilkinson