IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| DANIEL PETER MORRIS AND LUCILLE ALOSA MORRIS, | ) ) ) | |
| Plaintiffs, | ) ) ) | CIVIL ACTION FILE |
| v. | ) ) | |
| DAVID HOWARD ZIMMER, CHARLES L. WILKINSON, III SHERRY ZIMMER, DEBORAH ZIMMER, and DAVID M. ZIMMER, | ) ) ) ) | NO.: 10-CV-4146-VB-LMS |
| Defendants, | ) ) | |

## NOTICE OF FILING

Please take notice that I have this date filed in the United States District Court,

Southern District of New York, White Plains Division, **DEFENDANT CHARLES L.**

**WILKINSON, III's REPLY BRIEF TO PLAINTIFFS' MEMORANDUM OF LAW IN**

**OPPOSITION TO HIS MOTION FOR SUMMARY JUDGEMENT.**

This ___7th___ day of October, 2013.

_____
CHARLES L. WILKINSON, III
DEFENDANT appearing *PRO SE*
GA BAR NO.: 759875

1058 Claussen Road, Suite
Augusta, Georgia 30907
(706) 737-0771 (office)
(706) 737-0591 (fax)

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK


| | | |
|---|---|---|
| DANIEL PETER MORRIS AND | ) | |
| LUCILLE ALOSA MORRIS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | |
| | ) | |
| DAVID HOWARD ZIMMER, | ) | NO.:  10-CV-4146-VB-LMS |
| CHARLES L. WILKINSON, III | ) | |
| SHERRY ZIMMER, DEBORAH ZIMMER, | ) | |
| AND DAVID M. ZIMMER, | ) | |
| | ) | |
| Defendants, | ) | |


**CHARLES L. WILKINSON, III'S REPLY BRIEF TO PLAINTIFFS' MEMORANDUM
OF LAW IN OPPOSITION TO HIS MOTION FOR SUMMARY**

**Argument and Citation of Authority**

WILKINSON moved for summary judgment because there exists no credible and

admissible evidence of the existence of an agreement between ZIMMER and WILKINSON to

which Plaintiffs were third-party beneficiaries as they alleged in all three of their complaints.

WILKINSON showed the glaring lack of admissible evidence as to the existence of any

such agreement. The burden then shifted to Plaintiffs to do more than rest on their allegations, innuendo, and speculation, but to prove by credible and admissible evidence the existence of a legally enforceable agreement between ZIMMER and WILKINSON to which they were third-party beneficiaries, and in their response, the only thing they can come up with is that "ZIMMER said" and "ZIMMER told us." That is not evidence which would be admissible as against WILKINSON, whom Plaintiffs seek to hold responsible for their damages. The only thing they can show is inadmissible hearsay as against WILKINSON, and with this inadmissible hearsay, they cannot meet their burden to overcome WILKINSON's motion for summary judgment. Consequently, WILKINSON is entitled as a matter of law to judgment in his favor.

Throughout this litigation against WILKINSON, MORRIS has conventionally forgotten the basic concepts of hornbook contract law taught in law school. Except for a true unilateral contract (i.e., where a reward is involved or a promise to pay if some benefit is received), it takes two to tango and two parties to create a valid and binding contract. If one party to the contract does not know of its existence or does not acknowledge its existence, there can be no contract. A writing certainly helps, and WILKINSON has in previous memoranda discussed the application of the statute of frauds.

In ***CALPERS v. Shearman & Sterling***, 95 N.Y.2d 427, 434 (Ct. App. NY 2000), the New York Court of Appeals said:

> "A party asserting rights as a third-party beneficiary must establish "(1) the existence of a valid and binding contract between other parties, (2) that the contract was intended for his benefit and (3) that the benefit to him is sufficiently immediate, rather than incidental, to indicate the assumption by the contracting

parties of a duty to compensate him if the benefit is lost" (*Burns, Jackson, Miller,*
*Summit & Spitzer v Lindner*, 59 NY2d 314, 336; *see also*, *Fourth Ocean Putnam*
*Corp. v Interstate Wrecking Co*., 66 NY2d 38, 44)."

Citing the above quote, the United States Court of Claims in ***West Chelsea Buildings,***
***LLC, et al. v. United States*** (U.S. Ct. Claims, No. 11-333L, decided February 14, 2013) at page
22 said:

"To establish the existence of a valid and binding contract, a party must show
offer, acceptance, consideration, mutual assent, and intent to be bound. See, e.g.,
*Kowalchuk v. Stroup*, 873 N.Y.S.2d 43, 46 (N.Y. App. Div. 2009)."

As noted in WILKINSON's memoranda of law in support of his motion for summary
judgment (Dkt. ## 318, 319)  and  in response to MORRIS' motion for summary judgment  (Dkt.
## 337, 343),  MORRIS initially filed his claim against WILKINSON alleging the existence of a
specific agreement between ZIMMER and WILKINSON regarding MORRIS to which Plaintiffs
were third-party beneficiaries.  MORRIS's proof of the existence of this agreement is what
ZIMMER told him; MORRIS never received anything from WILKINSON regarding the
supposed agreement; MORRIS never telephoned or corresponded with WILKINSON concerning
the existence of the alleged agreement; MORRIS never received anything from WILKINSON
acknowledging the agreement or WILKINSON's obligations under the alleged agreement.
MORRIS admitted in his Second Amended Complaint, ¶ 384, that he never contacted
WILKINSON because "it was ZIMMER's obligation to pay MORRIS what he owed them."

Having abandoned their efforts to recover as third-party beneficiaries of an alleged
agreement between ZIMMER and WILKINSON, the existence of which they cannot prove,

3

Plaintiffs now contend that they should stand in ZIMMER's shoes and enforce ZIMMER's rights under the enhancing and contingency fee agreements with Reese and Karamolengos. They lose in this regard as well for they have no legal standing because ZIMMER has no legal standing.

In WILKINSON's memorandum of law in response to Plaintiffs' motion for summary judgment (Dkt.## 337, 343), WILKINSON pointed out the simple legal fact that because of ZIMMER's bankruptcy, ZIMMER has no legal standing to claim under those agreements and neither do Plaintiffs. When ZIMMER filed for bankruptcy, his claims for fees and expenses ceased to belong to him and instead became property of the bankruptcy estate and trustee, and even after resolution of the bankruptcy case, his claims to fees and costs remained in the bankruptcy estate. Please see the cases cited in WILKINSON's memorandum of law. Also, ZIMMER's separate agreements with Reese and Karamolengos referred to a specific state court civil action number, did not survive dismissal of the state court action, and ceased to be of any legal effect when the specific state court civil action was dismissed. Even if ZIMMER had not filed bankruptcy, he dismissed his claims against WILKINSON, and thus Plaintiffs have no legal standing to pursue his claims if even they could.

### Conclusion

WILKINSON is entitled to summary judgment on Plaintiffs' claims against him. They have not presented any credible and admissible evidence against him that would preclude this Court's granting him summary judgment. WILKINSON is entitled to judgment as a matter of law.

Respectfully submitted, this _____7TH_____ day of October, 2013.

_____
CHARLES L. WILKINSON, III
DEFENDANT appearing PRO SE
GA BAR NO.: 759875


1058 Claussen Road, Suite 108
Augusta, Georgia 30907
(706) 737-0771 (office)
(706) 737-0591 (fax)

5

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANIEL PETER MORRIS AND          )
LUCILLE ALOSA MORRIS,            )
                                 )
        Plaintiffs,              )
                                 )          CIVIL ACTION FILE
                                 )
v.                               )
                                 )          NO.: 10-CV-4146-VB-LMS
DAVID HOWARD ZIMMER,             )
CHARLES L. WILKINSON, III        )
SHERRY ZIMMER, DEBORAH ZIMMER,   )
AND DAVID M. ZIMMER,             )
                                 )
        Defendants,              )
_____)

### AFFIRMATION OF SERVICE

I, **CHARLES L. WILKINSON, III**, declare under penalty of perjury that I have this

date served a copy of *Charles l. Wilkinson, III's Reply Brief to Plaintiffs' Memorandum of*

*Law in Opposition to His Motion for Summary Judgment upon:* (1) **DANIEL PETER**

**MORRIS** and **LUCILLE AIOSA MORRIS**, whose address is 100 Old Lyme Road, Purchase,

NY 10577, by USPS First Class Mail; (2) **DAVID HOWARD ZIMMER;** (3) **SHERRY**

**ZIMMER;** (4) **DEBORAH ZIMMER;** and (5) **DAVID M. ZIMMER**, all of whose addresses

are listed as 96 Linwood Plaza, Suite 208, Fort Lee, NJ 07024 by USPS First Class Mail.

This _____7th_____ day of October, 2013.

                              _____
                              CHARLES L. WILKINSON, III
                              DEFENDANT appearing *PRO SE*
                              GA BAR NO.:  759875

1058 Claussen Road, Suite 108
Augusta, Georgia 30907
(706) 737-0771 (office)
(706) 737-0591 (fax)