RECEIVED
JAN 30 2014
HON. LISA MARGARET SMITH
U.S.M.J.

**David H. Zimmer**
96 Linwood Plaza; Suite 208
Fort Lee, New Jersey 07024
(917) 488-5377
dzimmer@aaronmorgangroup.com

January 24, 2014

Honorable Lisa Margaret Smith
United States Magistrate Judge
300 Quarropas Street
White Plains, New York 10601-4150

RE: Case No 10-CV-4146
Morris v. Zimmer

Judge Smith,

I trust this letter finds all in good health and spirits. Morris suggests I have no grounds for sanctions. I put forward the following to support my position:

> 28 U.S.C. § 1927. A lawyer who "so multiplies the proceedings in any case unreasonably and vexatiously" is subject to sanctions under 28 U.S.C. § 1927. This phrase covers a broad range of dilatory litigation tactics, from the filing of duplicative complaints and baseless motions, to serving needless discovery, to persisting in a meritless argument or position, to making frivolous appeals, basically any conduct that prolongs the case and causes additional expense and delay. § 1927 sanctions are only available against lawyers, not litigants, and the high "unreasonably and vexatiously" standard, in some circuits, requires a showing of bad faith. Inherent power sanctions are the quintessential gap filler of sanctions law. In the leading modern decision, Chambers v. Nasco, Inc., 501 U.S. 32 (1991), the Supreme Court made clear that the existence of a sanctioning scheme in statutes and rules does not displace the court's inherent power to impose sanctions for bad faith conduct.

I think grounds exist for my motion. As a matter of fact I have three boxes of paper representing "trees" whose lives were cut short by the actions of Morris that more than fit the above criteria.

Copies Mailed to ~~Counsel~~ pro se parties of Record.

Deemed letter motion. Motion denied in part + granted in part. The Court denies the application to move for sanctions. Litigation is necessarily contentious, and the Court's goal is to get the case concluded, not to increase the level of contentiousness. Mr Zimmer may appear at the next hearing by telephone, although the hearing may be cancelled if a Report + Recommendation is issued before that date. SO ORDERED. 2/4/14 USMJ

      I also humbly request to be permitted to appear at the next hearing by telephone. I made arrangements to return to the northeast in December only to once again find that Morris changed the date without even asking me. I do not have the ability to miss more work and will either be in California or Colorado at the time of the hearing. Please allow me to appear by telephone.

Thank you for your consideration of the contents of this letter.

Very truly yours,

David H. Zimmer

cc: Dan Morris
Les Wilkinson