UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
DANIEL PETER MORRIS, and                          :
LUCILLE AIOSA MORRIS,                             :
               Plaintiffs,        :        **MEMORANDUM DECISION**
                                                  :
v.                                                :        10 CV 4146 (VB)
                                                  :
DAVID HOWARD ZIMMER, CHARLES L.                   :
WILKINSON, III, SHERRY ZIMMER,                    :
DEBORA ZIMMER, and DAVID M. ZIMMER,               :
               Defendants.        :
-------------------------------------------------------------x

Briccetti, J.:

       Before the Court is Magistrate Judge Lisa M. Smith's Report and Recommendation

("R&R"), dated February 11, 2014 (Doc. #384), on the parties' cross-motions for summary

judgment.  (Docs. ##317, 320, 323, 326, 329, 331).[1]  Judge Smith recommended (i) plaintiffs'

motion for summary judgment against David Howard Zimmer be granted in part and denied in

part, (ii) plaintiffs' motion for summary judgment against Sherry Zimmer, Debra Zimmer,[2] and

David M. Zimmer (collectively, the "Other Zimmer Defendants") be denied, (iii) the Other

Zimmer Defendants' motion for summary judgment against plaintiffs be granted, (iv) plaintiffs'

motion for summary judgment against Charles L. Wilkinson, III be denied, and (v) Wilkinson's

motion for summary judgment against plaintiffs be granted.  Accordingly, Judge Smith

recommended the Other Zimmer Defendants and Wilkinson be dismissed from the case.

       For the following reasons, the Court adopts the R&R in its entirety.

       Familiarity with the factual and procedural background of this case is presumed.

---

[1]  As noted in the R&R, the documents numbered 329 and 331 are identical.
[2]  Defendant Debra Zimmer's name is spelled "Debora" in the caption of this case, but appears as
"Debra," "Debora," and "Deborah" in the parties' submissions.

I.     Standard of Review

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific[,] written," and submitted within fourteen days after being served with a copy of the recommended disposition, Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1), or within seventeen days if the parties are served by mail.  See Fed. R. Civ. P. 6(d).

When a party submits a timely objection to a report and recommendation, the district court reviews the parts of the report and recommendation to which the party objected under a de novo standard of review.  28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(3).  The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record.  See Wilds v. UPS, Inc., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).  The clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments.  See Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

As plaintiffs are proceeding pro se, this Court "will 'read [their] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest.'"  Id. (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).

II.    Plaintiffs' Objections

On February 19, 2014, plaintiffs sought an additional 48 days to prepare objections to the R&R.  (Doc. #388).  Finding "absolutely no reason why plaintiffs . . . cannot serve and file 'specific written objections'" within the time prescribed by the Federal Rules of Civil Procedure, the Court denied plaintiffs' request, but nevertheless granted them a one-week extension to serve and file objections.  (Doc. #390).  The Court cautioned plaintiffs that although they "are entitled

to a fair opportunity to be heard, . . . they are not entitled to burden the Court with prolix and repetitive submissions."  (Id.)

Now before the Court are plaintiffs' timely objections to the R&R—a prolix, repetitive submission totaling 150 pages, with an additional 180 pages of "exhibits" (Doc. #393)—in which plaintiffs appear to object to the entirety of the R&R.[3]

Although attorneys such as Mr. Morris generally are not entitled to the "special solicitude" afforded other pro se litigants, see Tracy v. Freshwater, 623 F.3d 90, 102 (2d Cir. 2010), the Court has nevertheless reviewed plaintiffs' objections closely and assiduously for any trace of a meritorious objection, and has also carefully reviewed all prior proceedings in this matter.

Upon de novo review, the Court finds no merit in any of plaintiffs' objections, and further finds the R&R to be entirely correct.

## CONCLUSION

Accordingly, the Court adopts in its entirety Judge Smith's thorough and well-reasoned R&R as the opinion of the Court.

Plaintiffs' motion for summary judgment against David Howard Zimmer is GRANTED in part and DENIED in part.

Plaintiffs will be awarded the principal sum of $67,625, plus prejudgment interest of 9% per annum from July 21, 2004, and post-judgment interest at the rate provided for in 28 U.S.C. § 1961.

The Court will conduct a trial to determine ONLY whether plaintiffs should be awarded punitive damages, and if so, the amount of any such award.

---

[3]  Among other deficiencies, plaintiffs style as "objections" fifteen pages reprinted verbatim from prior submissions.  (See Doc. #393 at 73-88).

Plaintiffs' motion for summary judgment against the Other Zimmer Defendants is DENIED.

Plaintiffs' motion for summary judgment against Wilkinson is DENIED.

The Other Zimmer Defendants' motion for summary judgment against plaintiffs is GRANTED.

Wilkinson's motion for summary judgment against plaintiffs is GRANTED.

The Other Zimmer Defendants and Wilkinson are DISMISSED from this action.

The Clerk is instructed to terminate the pending motions.  (Docs. ##317, 320, 323, 326, 329, 331).

The remaining parties (plaintiffs and defendant David Howard Zimmer ONLY) are directed to attend a status conference on April 30, 2014, at 2:30 p.m., in Courtroom 620 at the United States Courthouse in White Plains, at which time the Court will set a trial date.

Dated:  March 21, 2014
      White Plains, NY

                                                         SO ORDERED:

                                                     Vincent L. Briccetti
                                                     United States District Judge