MEMORANDUM ENDORSEMENT

Morris v. Zimmer
10 CV 4146 (VB)

The attached motion is DENIED as entirely without merit.  Plaintiffs are advised to stop wasting the Court's time with frivolous, duplicative filings.

The Clerk is instructed to terminate the motion.  (Doc. #436).

Dated: August 1, 2014
    White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/1/14

Copies Mailed/Faxed 8-1-14
Chambers of Vincent L. Briccetti



RECEIVED
JUL 30 2014
CHAMBERS OF
VINCENT L. BRICCETTI
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK

## THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

DANIEL PETER MORRIS, and
LUCILLE AIOSA MORRIS,
    Plaintiffs,

vs.

DAVID HOWARD ZIMMER
CHARLES L. WILKINSON, III
SHERRY ZIMMER,
DEBORA ZIMMER, and
DAVID M. ZIMMER
    Defendants

Case No 10-cv-4146 (VB)

Doc. #436



RECEIVED
JUL 30 2014
U.S.D.C.
W.P.

### PLAINNTIFFS' MOTION TO
### STRIKE LANGUAGE FROM THE
### REPORT AND RECOMMENDATION (DOC. # 384)
### WHICH IS INCORPORATED INTO THE FINAL JUDGMENT (DOC. # 416)
### SINCE IT IS IN DIRECT CONFLCIT WITH NEW YORK STATUTORY LAW
### AND APPLICATION OF THAT
### STATUTORY LAW BY NEW YORK STATE COURTS
### ALTERNATIVELY
### PLAITNIFFS REQUEST THE FINAL JUDGMENT (DOC. # 416) BE VACATED
### AND FURTHER PROCEEDING IN THIS MATTER BE STAYED
### FOR PLAINTIFFS TO FILE AN ACTION IN NEW YORK STATE SUPREME
### COURT TO HAVE ILLEGAL PRVISIONS EXCISED FROM D. H. ZIMMER'S
### AFFIDAVIT OF CONFESSION OF JUDGMENT

We, Pro se Plaintiffs Daniel Peter Morris and Lucille Aiosa Morris move under the

appropriate Federal Rule of Appellate Procedure and the Federal Rules of Civil

Procedure to strike language from the Report and Recommendation ("R&R") which is

incorporated by reference in the judgment of Doc. # 416 since it is in direct conflict with

New York State statutory law and the application of that law by New York State Courts.

Alternatively, Plaintiffs request the Final Judgment (Doc. #416) be vacated and further proceedings stayed for Plaintiffs to file an action in New York State Supreme Court to have illegal provisions excised from Defendant David Howard Zimmer's Affidavit of Confession of Judgment.  We make this request under any applicable rule of the Federal Rule of Civil Procedure (e.g. FRCP §§ 59 (e), 59(d), 60 or other rule) or the Federal Rules of Appellate Procedure.

In response to our motion for summary judgment for the 8% interest Magistrate Judge Smith's R&R states at pages 12 -13:

> To the extent that Plaintiffs seek summary judgment on their claim that D.H. Zimmer agreed to pay them 8% interest from July 1, 2004, on the "principal balance" he owed to Plaintiffs, I conclude, and respectfully recommend that Your Honor should conclude, that summary judgment on such claim should be denied. ...  However, given the preclusive effect of the plea allocution and Affidavit of Confession of Judgment, Plaintiffs are estopped from seeking to recover any additional dollar amounts in the form of interest based on an alleged promise made to them by D.H. Zimmer months after he had stolen their money.[16]

We objected to the "preclusive effect" language in the R&R objection of Doc. # 393 pages 51-52 stating:

> The R & R provides no legal authority for the assertion "given the preclusive effect of the plea allocution and Affidavit of Confession of Judgment, Plaintiffs are estopped from seeking to recover any additional dollar amounts in the form of interest based on an alleged promise made to them by D.H. Zimmer months after he had stolen their money."   Plaintiffs did not participate in the preparation of ZIMMER's plea allocution or Affidavit of Confession of Judgment and were not asked by the New York County District to Attorney to review and approve either of them before ZIMMER was to allocate to stealing Plaintiffs' money or sign the Affidavit of Confession of Judgment. Thus the plea allocution and Affidavit of Confession of Judgment cannot have preclusive effect to estopped Plaintiffs from seeking to recover any additional dollar amounts in the form of interest based on ZIMMER's promise to Plaintiffs to pay them 8% compound interest on the stolen money from 07/01/2004 until paid even

though made to them by ZIMMER months after he had stolen their money. Interest provides for the lost opportunity for use of the stolen money. The 8% compound interest on the stolen money from 07/01/2004 until paid was imposed on ZIMMER by himself because he stated he could not …pay when it was due. Thus he promised to pay the 8% interest in addition when he did pay it. If the plea allocution and Affidavit of Confession of Judgment was intended to cut off this interest, [it] would have explicitly stated that it …cut off such interest or any additional recovery greater than the stolen amount. This interest is not part of the restitution. For example the US District of Iowa states in regards to the Mandatory Victims Restitution Act (MVRA):

> See United States v. Dean, 949 F. Supp. 782, 784 (D. Ore. 1996), aff'd, 146 F.3d 1141, cert. denied, 142 L. Ed. 2d 350, 119 S. Ct. 430 (1998) (the MVRA requires the court to impose "'full' restitution, plus interest, for certain offenses").

> United States v. Johannsen, 36 F. Supp. 2d 1135, 1136 (S.D. Iowa 1999)

Actual restitution of money stolen in July 2004, more than nine years ago, is not returning to us the same numerical amount of the money stolen. There has been more than nine years of inflation which has reduced the buying power of a dollar stolen in July 2004 as compared to a dollar today more than nine years later. As stated by the New York Court of Appeals in **Donati v. Shaffer**, 83 N.Y.2d 828 (N.Y. 1994) in regards to wrongfully obtained commissions:

> Interest on wrongfully obtained commissions is not an award separate from restitution but, rather, represents the present economic value of the restitution itself.
> Donati v. Shaffer, 83 N.Y.2d 828, 830 (N.Y. 1994)

Thus the 8% interest ZIMMER promised he would pay plaintiffs is not part of the restitution and thus ZIMMER's plea allocution and Affidavit of Confession of Judgment cannot cut it off. Thus ZIMMER in paragraph 5 of the Affidavit of Confession of Judgment when he states " I hereby confess and authorize the entry of judgment against me and in favor of Daniel and Lucille Morris in the amount of $77,625, as full and complete restitution," the referred to "full and complete restitution" does not include interest. If there is any doubt on this, it is then an issue of fact that should go to trial and the New York County District Attorney should be required to testify as to its understanding of paragraph 5.

Notwithstanding Judge Briccetti adopted the R&R stating in the last paragraph before the "Conclusion" at page 3 of Doc. # 394 " the Courts finds no merit in any of plaintiffs' objections and further finds the R&R to be entirely correct."

3

New York Penal Law § 60.27. "Restitution and reparation"

states at § 60.27(1)

> [W]hen the … victim seeks restitution or reparation, the court shall require … the defendant make restitution of the fruits of the offense and reparation for the actual out-of-pocket loss.

States at § 60.27(6)

> Any payment made as restitution or reparation pursuant to this section shall not limit, preclude or impair any liability for damages in any civil action or proceeding for an amount in excess of such payment.

Under this statute a criminal court can require restitution only of "actual out-of-pocket loss" and nothing more.

Thus ZIMMER's Affidavit of Confession of Judgment cannot have "preclusive effect" beyond that. And thus it is in conflict with this statute for the R&R to state "Plaintiffs are estopped from seeking to recover any additional dollar amounts in the form of interest based on an alleged promise made to them by D.H. Zimmer months after he had stolen their money."

SUPREME COURT OF NEW YORK, APPELLATE DIVISION, FIRST DEPARTMENT

The Supreme Court of New York, Appellate Division, first Department applying these sections states:

> Contrary to defendant's contentions, the plea and sentence agreement contains three seriously flawed provisions. To begin with, the court conditioned the victims' right to receive restitution on their execution of releases. This violated Penal Law § 60.27 (1), a statute that unequivocally and unconditionally entitles a crime victim to receive restitution, within the context of a criminal matter, if the court orders it. Furthermore, Penal Law § 60.27 (6) secures a victim's independent, parallel right also to pursue a defendant civilly should there be a deficiency in the restitution amount. n1 Plainly, the court cannot, as part of the criminal disposition, simply evade such a clear statutory mandate by forcing defendant's victims to agree to surrender their specifically protected civil remedies in order to receive an amount less than the entire

4

restitution justly due.

People v. Wein, 294 A.D.2d 78, 85 (N.Y. App. Div. 1st Dep't 2002)

The Appellate Division further states referring to the victim of the crime perpetrated against them by the criminal defendant:

> Moreover, these victims can hardly be held bound by an agreement to which they were not a party, nor would they be collaterally estopped by such an agreement formed without their participation, without notice to them, and without any opportunity to be heard and to litigate the amount of reparations due them as a result of defendant's wrongs (see, Ryan v New York Tel. Co., 62 NY2d 494, 500-501; Schwartz v Public Adm'r of County of Bronx, 24 NY2d 65, 70-71; Weinstein Enters. v Morini, 217 AD2d 615, 616; Farber v Stockton, 131 Misc 2d 470, 471).

People v. Wein, 294 A.D.2d 78, 87 (N.Y. App. Div. 1st Dep't 2002)

This is substantially the same argument given by Plaintiffs in their objection to the language that they request to be stricken.

> As the Court of Appeals held in People v Lopez (28 NY2d 148, 152), "surely a Judge, a prosecutor and a defendant cannot by agreement restructure substantive law to fit their notion of what is more appropriate in a particular case."

People v. Wein, 294 A.D.2d 78, 87 (N.Y. App. Div. 1st Dep't 2002)

"The criminal justice system ought not to be used to fashion illegally designed benefits for undeserving defendants at the sole expense of his or her already aggrieved victims." People v. Wein, 294 A.D.2d 78, 89 (N.Y. App. Div. 1st Dep't 2002). The language requested be stricken from the R&R is doing what the N.Y. App. Div. 1st Dep't says **is not correct**.

In view of the forgoing, Plaintiffs request that the language quoted above from the R&R (at pages 12 -13) be stricken as being contrary to New York State statutory law and the decisions of New York State Courts applying those statutory provisions.

If any extension of time is needed to submit this motion, Plaintiffs request it be

granted to enter this motion.

The request of this motion is not untimely. Boyer v. Belavilas, 474 F.3d 375 (7th Cir. Ind. 2007) dealt with, in part, the decision of a U. S. Bankruptcy court finding appellants (minors Angelo and Nickolas) liable for money damages. That determination was affirmed on appeal to the district court. The appellants for the first time on appeal to the 7th Circuit raised a statutory provision, § 17(c) of the UTMA. The 7Th circuit modified the appellants' liability based on the statutory provision, § 17(c) of the UTMA.  Chief Judge Easterbrook of the 7th Circuit states

> § 17(c) of the UTMA addresses the problem of lifetime liability arising from events a minor cannot control: "A minor is not personally liable for an obligation arising from ownership of custodial property or for a tort committed during the custodianship unless the minor is personally at fault."

Boyer v. Belavilas, 474 F.3d 375, 378-379 (7th Cir. Ind. 2007)

> The judgment is modified to provide that Angelo and Nickolas are not personally liable, and that their obligations are limited to funds in or traceable to the custodial accounts.

Boyer v. Belavilas, 474 F.3d 375, 379 (7th Cir. Ind. 2007)

> Pleadings need not specify legal theories, see Bartholet v. Reishauer A.G. (Z rich), 953 F.2d 1073 (7th Cir. 1992), and courts award the relief to which the prevailing party is entitled even if the appropriate theory is not articulated until the last minute. See Fed. R. Bankr. P. 7054(a) (incorporating Fed. R. Civ. P. 54(c)); Chicago United Industries, Ltd. v. Chicago, 445 F.3d 940 (7th Cir. 2006).

Boyer v. Belavilas, 474 F.3d 375, 378 (7th Cir. Ind. 2007)

Thus this motion is timely following the rational of chief Judge Easterbrook and the outcome of Boyer v. Belavilas, 474 F.3d 375.

If the Court is not willing to strike the language Plaintiffs request be stricken from the R&R, Plaintiffs request that the Final Judgment (Doc. # 416) be vacated an its subsequent

entry be stayed for Plaintiffs to file an action in New York State Supreme Court requesting

that the language "full and complete restitution" be stricken from paragraph 5 of ZIMMER's

Affidavit of Confession of Judgment which Plaintiffs believe is resulting in the R&R

asserted "preclusive effect of the plea allocution and Affidavit of Confession of Judgment" of

ZIMMER. For details see Exhibit 2 of Plaintiffs paper entitled "Plaintiffs' Request that this

letter and the attached Exhibits be entered into the electronic file" dated 07/28/2014 Letter 3.

The Appellate Division in People v. Wein, 294 A.D.2d 78 (N.Y. App. Div. 1st Dep't

2002) heard the appeal of a prosecutor who objected to portions of a plea agreement

fashioned in the trial court primarily by the presiding justice and criminal defendant. The

Appellate Division states:

> On this People's appeal, we face the question whether, as the People maintain, we
> can modify the judgment to excise ancillary, but clearly illegal portions of a plea
> agreement, and otherwise affirm defendant's sentence; ... We modify the sentence
> to excise only its illegal portions, and otherwise affirm.
>
> People v. Wein, 294 A.D.2d 78, 79 (N.Y. App. Div. 1st Dep't 2002)
>
>
> The People simply seek to modify the judgment to the extent of excising the three
> illegal provisions, a position with which this Court agrees.
>
> People v. Wein, 294 A.D.2d 78, 88 (N.Y. App. Div. 1st Dep't 2002)
>
> We will not specifically enforce this agreement whose major unlawful provision
> is one which defendant championed.
>
> People v. Wein, 294 A.D.2d 78, 89 (N.Y. App. Div. 1st Dep't 2002)
>
> [T]he judgment of the Supreme Court, New York County ... convicting
> defendant, on his plea of guilty... should be modified, on the law, to the extent of
> deleting from the court's sentencing order the [illegal] provision[s.]
>
> People v. Wein, 294 A.D.2d 78, 91 (N.Y. App. Div. 1st Dep't 2002)

ZIMMER states at page 4 of his opposition (Doc. # 349) to Plaintiffs Motion for Summary

Judgment against him referring to his Affidavit of Confession of Judgment: "It was signed with a universal understanding that this was for a full and complete amount due and payable to Morris.:

ZIMMER has made this allegation before.  In "PLAINTIFFS' RESPONSE TO OBJECTION DATED 12/31/2012 OF DEFENDANT DAVID HOWARD ZIMMER TO THE REPORT & RECOMMENDATION OF MAGISTRATE JUDGE DATED 11/28/2012 (Dkt. No. 227)" at page 3  Plaintiffs' state [1]:

> In response to ZO p 1, ¶ 4, Plaintiffs did not participate in the drafting of the Confession of Judgment that ZIMMER signed and can thus not be bound by any asserted understanding "that this ended all cases confirming the understanding of the district attorneys"(ZO p 1, ¶ 4, s 5) that ZIMMER's attorney or ZIMMER had of the terminology "full and complete restitution" (ZO p 1, ¶ 4, s 4.)

ZIMMER is and has championed this view.  Plaintiffs had nothing to do with this since the New York county District Attorney did not ask Plaintiffs to review or approve ZIMMER's Affidavit of Confession of Judgment or plea allocution or to provide any input to their formation.  For the reasons given in People v. Wein, 294 A.D.2d 78 Plaintiffs cannot be bound by any such asserted understanding as to the meaning of "full and complete restitution" as stated in ZIMMER's Affidavit or Confession of Judgment.  ZIMMER's allocution and Affidavit of Confession of Judgment can have no "preclusive effect" on Plaintiffs.

To the extent that the terminology "full and complete restitution" can be viewed as having "preclusive effect" on Plaintiffs, it is illegal under New York Law and the Final Judgment (Doc. #416) should be vacated to give Plaintiffs the opportunity to file a civil action in New York State Supreme Court to have this language excised from ZIMMER's

---

[1] ZIMMER's Objection dated 12/31/2014 does not appear to be in the electronic file.

Affidavit or Confession of Judgment and to have ZIMMER's allocution and Affidavit or Confession of Judgment declared to not have any "preclusive effect" on Plaintiffs as asserted in the language Plaintiffs have requested be deleted form the R&R.

## CONCLUSION

For the reasons given herein Plaintiffs request this motion be granted.

Respectfully submitted,

_Daniel Peter Morris_

Daniel Peter Morris, Plaintiff, Pro se
P. O. Box 1165
White Plains, NY 100602
Telephone 914-945-3217

Dated: July 30, 2014


_Lucille Ann Morris_

Lucille Aiosa Morris, Plaintiff, Pro se
P. O. Box 1165
White Plains, NY 10602
Telephone 914-945-3217

Dated: July 30, 2014

# THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

DANIEL PETER MORRIS,  and
LUCILLE AIOSA MORRIS,
     Plaintiffs,

vs.

DAVID HOWARD ZIMMER
CHARLES L. WILKINSON, III
SHERRY ZIMMER,
DEBORA ZIMMER, and
DAVID M. ZIMMER
     Defendants

**Case No 10-cv-4146 (VB)(LMS)**

**AFFIRMATION OF SERVICE**

---

I, Daniel Peter Morris, declare under penalty of perjury that I have served a copy of the attached paper entitled **"PLAINNTIFFS' MOTION TO STRIKE LANGUAGE FROM THE REPORT AND RECOMMENDATION (DOC. # 384), etc."** dated: July 30, 14 on:

1. Charles L. Wilkinson, III whose address is 1058 Clussen Road Suite 108; Augusta, Georgia 30904;
2. David Howard Zimmer whose address is 96 Linwood Plaza Suite 208, Fort Lee, NJ 07024;
3. Sherry Zimmer whose address is 96 Linwood Plaza Suite 208, Fort Lee, NJ 07024;
4. Debora Zimmer whose address is 96 Linwood Plaza Suite 208, Fort Lee, NJ 07024;
5. David M. Zimmer whose address is 96 Linwood Plaza Suite 208, Fort Lee, NJ 07024;

    by U.S. Postal First Class Mail on July30, 2014.

Daniel Peter Morris, Plaintiff, Pro se
100 Old Lyme Road
Purchase, NY 10577

Dated: July 30, 2014
Purchase, New York
Telephone 914-945-3217